Joseph ENCARNACION, Petitioner

v.

**PENNSYLVANIA BOARD OF PROBATION and PAROLE,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 29, 2010.
Decided Feb. 25, 2010.

Alan M. Robinson, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and BUTLER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Assistant Public Defender of Schuylkill County Kent D. Watkins (Counsel) has filed an Application for Leave to Withdraw as Counsel from his representation of Joseph Encarnacion (Encarnacion) in his petition for review of an order of the Pennsylvania Board of Probation and Parole (Board) recommitting Encarnacion as a technical parole violator. Counsel requests permission to withdraw from further representation of Encarnacion on the grounds that his petition for review is frivolous and without merit.

Encarnacion was initially convicted of drug manufacture/sale/delivery or possession with intent to deliver, violation of probation, unsworn falsification to authorities, and escape and was sentenced to an aggregate of two years, three months to five years, 11 months. His minimum release date was May 10, 2004, with a maximum release date of January 9, 2008. After serving his minimum sentence, Encarnacion was paroled to an approved plan and released to the state of New Hampshire on May 10, 2004. On March 26, 2007, the Board declared him delinquent because he changed his residence without permission, failed to report per written instructions, and failed to report an arrest[1] within 72 hours. On December 5, 2007, he was recommitted as a technical and convicted parole violator and ordered to serve six months backtime. His maximum release date was recalculated as March 4, 2011.

By notice dated June 23, 2008, Encarnacion was granted parole on or after September 22, 2008, to the Minsec Hazelton Program with special conditions that he cooperate fully with staff, that he abide by all the rules and regulations of the program, and that he must be successfully discharged by treatment staff. While at the Minsec Hazelton Program, Encarnacion received several write-ups and restrictions for violations of center rules, being disrespectful to staff, and deviating from his work pass. As a result, Encarnacion was discharged from the program, taken

---

1. Encarnacion was arrested and later convicted of operating a vehicle without a valid license.

into custody and charged with violating his parole. At a parole violation hearing, he admitted that he violated program rules and was discharged from the Minsec Hazelton Program. Finding that he was a technical parole violator for violation of condition 7 of his parole—enter and successfully complete the Minsec Hazelton Program—the Board recommitted Encarnacion to serve 12 months backtime with the same maximum release date of March 4, 2011.

■ Encarnacion, through Counsel, filed a request for administrative relief with the Board on April 10, 2009. He contended that the Board failed to prove by a preponderance of the evidence that he had knowledge of the conditions at the Minsec Hazelton Program and knowingly violated specific conditions; that he was never informed of the program's policies or provided with a rule book; and that he followed the rules to the best of his ability. The Board affirmed its decision on July 28, 2009, noting that Encarnacion knowingly and voluntarily admitted to violating condition 7, and that this was sufficient evidence to establish that he was at least somewhat at fault for his discharge. On August 27, 2009, Encarnacion, through Counsel, filed a petition for review with this Court alleging that the Board's revocation of his parole constituted an error of law, a violation of his constitutional rights, and was not supported by substantial evidence.

After the record was filed, Counsel requested permission to withdraw from further representation of Encarnacion contending that upon his "exhaustive examination" of the record and research of applicable case law, no grounds existed for Encarnacion's appeal and that it was frivolous. Accompanying Counsel's petition to this Court was a letter in support of his application to withdraw by which he notified Encarnacion of his right to retain substitute counsel or raise any points that he might deem worthy of consideration in a *pro se* brief to this Court.

■ When a court-appointed counsel, in the exercise of his professional judgment, believes the issues raised by the parolee in his appeal are wholly frivolous, he may be permitted to withdraw as counsel if he satisfies the following procedural requirements: he must notify the parolee of his request to withdraw; he must furnish the parolee with a copy of an *Anders*[2] brief or no-merit letter satisfying the requirements of *Turner*;[3] and he must advise the parolee of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf. *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28 (Pa.Cmwlth.2006) (citing

---

**2.** See *Anders v. State of California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *"Anders* rests on the distinction between complete frivolity and the absence of merit, and that only the former supports counsel's request to withdraw and a court's order granting the request." *Commonwealth v. Santiago*, —— Pa. ——, 978 A.2d 349, 358 (2009). Our Supreme Court recently articulated that in an *"Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the ap-

peal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. We recognize that this is a significant adjustment in our decisional law concerning *Anders."* *Id.* at 361.

**3.** See *Commonwealth of Pennsylvania v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988).

*Craig v. Pennsylvania Board of Probation and Parole,* 93 Pa.Cmwlth. 586, 502 A.2d 758 (1985)). Counsel's brief or no-merit letter must set forth: (1) the nature and extent of his review of the case; (2) the issues the parolee wishes to raise on appeal; and (3) counsel's analysis concluding that the appeal has no merit and is frivolous. *Hughes v. Pennsylvania Board of Probation and Parole,* 977 A.2d 19 (Pa. Cmwlth.2009); *Banks v. Pennsylvania Board of Probation and Parole,* 827 A.2d 1245 (Pa.Cmwlth.2003). Once this Court is satisfied that all of the above requirements have been met, we will then make an independent evaluation of the proceedings before the Board to determine whether the parolee's appeal is indeed frivolous before we will allow counsel to withdraw. *Banks,* 827 A.2d at 1248.

Counsel in this case served Encarnacion with copies of his application to withdraw and no-merit letter on November 24, 2009, in which he made clear his intention to withdraw and that Encarnacion had the option of either retaining counsel or filing a *pro se* brief with this Court. Counsel is very familiar with this case because he served as Encarnacion's counsel at the parole violation hearing before the Board and later conducted an exhaustive review of the record. His no-merit letter specifies the issues petitioner wished to raise on appeal—that the decision to revoke his parole constitutes an error of law, a violation of his constitutional rights, and is not supported by substantial evidence.

■ Now to our independent review of the merits of the appeal. Encarnacion acknowledged that condition 7 of his parole stated that he was to attend and successfully complete the Minsec Hazelton Program, and that he never challenged this condition as being inappropriate. He was advised of the alleged violation at his parole violation hearing and voluntarily admitted to this violation and being unsuc-

cessfully discharged from the Minsec Hazelton Program, stating that he acted inappropriately and made bad decisions. Encarnacion's admission to the asserted parole violation constitutes substantial evidence upon which to base his parole revocation order. *Pitch v. Pennsylvania Board of Probation and Parole,* 100 Pa. Cmwlth. 114, 514 A.2d 638 (1986). He argues, though, that he should not be held to have violated a condition of parole because the Minsec Hazelton Program's policies were never explained to him in violation of his constitutional right to notice. However, abiding by the rules and regulations of the Minsec Hazelton Program was a condition of Encarnacion's parole. Because a parolee is under an affirmative obligation to acquaint himself with the conditions of his parole, *Benefiel v. Pennsylvania Board of Probation and Parole,* 57 Pa.Cmwlth. 401, 426 A.2d 242 (1981), his constitutional argument on appeal that he was never informed of the program rules or provided with a handbook must fail as it was his obligation to familiarize himself with the conditions of his parole, which included knowing and abiding by the rules of the Minsec Hazelton Program.

Given these facts and Encarnacion's voluntary admission to the parole violation, Counsel's Application to Withdraw as Counsel is granted, and the order of the Board is affirmed.

### *ORDER*

AND NOW, this *25th* day of *February,* 2010, the Application for Leave to Withdraw as Counsel filed by Kent D. Watkins, Assistant Public Defender, appointed counsel for Joseph Encarnacion, is granted, and the order of the Pennsylvania Board of Probation and Parole is affirmed.