IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason O. Orsini,                          :
                                          : No. 338 C.D. 2015
                    Petitioner            : Submitted: September 4, 2015
                                          :
              v.                          :
                                          :
Pennsylvania Board of                     :
Probation and Parole,                     :
                                          :
                    Respondent            :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                        FILED:  October 14, 2015


        Jason O. Orsini petitions for review of the February 13, 2015, determination of the Pennsylvania Board of Probation and Parole (Board) denying Orsini's request for administrative relief from a Board recommitment order and recalculation of Orsini's parole violation maximum date.  Appointed counsel, Tina M. Fryling, Esquire (Counsel), has filed a petition for leave to withdraw as counsel, asserting that Orsini's petition for review is frivolous.  We grant Counsel's petition for leave to withdraw as counsel and affirm the Board's determination.

        On June 21, 2010, the Court of Common Pleas of Dauphin County (trial court) sentenced Orsini to one year and ten months to five years of incarceration.

(C.R. at 1.) On December 5, 2011, the Board paroled Orsini to an approved plan. (*Id*. at 6.) Orsini successfully completed the plan and was discharged from the plan on February 9, 2012. (*Id.* at 24.)

On January 24, 2014, Harrisburg police arrested Orsini on drug charges. (*Id.* at 14-15.) On that same day, the Board lodged a warrant to commit and detain. (*Id.* at 13.) On October 1, 2014, the trial court convicted Orsini of the new criminal charges. (*Id.* at 34.)

In a decision mailed January 7, 2015, the Board recommitted Orsini as a convicted parole violator (CPV) to serve 24 months of backtime. (*Id.* at 70-71.) Orsini filed a petition for administrative relief, arguing that the Board did not have the authority to extend his parole violation maximum date. (*Id.* at 72-74.) The Board denied Orsini's request for relief, and Orsini petitioned this court for review.[1] Thereafter, Counsel filed an application for leave to withdraw and a no-merit letter, contending that Orsini's appeal is frivolous.

When court-appointed counsel concludes that a petitioner's appeal is frivolous, counsel may be permitted to withdraw if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of an *Anders*[2] brief

---

[1] This court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[2] *Anders v. State of California*, 386 U.S. 738 (1967).

or a no-merit letter satisfying the requirements of *Turner*;[3] and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Encarnacion v. Pennsylvania Board of Probation and Parole*, 990 A.2d 123, 125 (Pa. Cmwlth. 2010). A no-merit letter must set forth: (1) the nature and extent of counsel's review of the case; (2) the issues the petitioner wishes to raise on appeal; and (3) counsel's analysis as to why the appeal has no merit. *Id.* at 126. Once these requirements are met, this court will independently review Orsini's appeal to determine whether it is meritless. *Id.*

Here, Counsel mailed Orsini a letter informing Orsini of Counsel's request to withdraw. Counsel included a no-merit letter, which detailed the nature and extent of Counsel's review of Orsini's case, set forth the issues raised, and explained why Counsel concluded that Orsini's appeal is meritless. The no-merit letter also advised Orsini of his right to retain substitute counsel or file a *pro se* brief. Because Counsel has satisfied the technical requirements of *Turner*, this court will now independently review the merits of Orsini's appeal.

Orsini argues that the Board lacked the authority to recalculate his parole violation maximum date. We disagree.

Section 6138 of the Prisons and Parole Code (Code), 61 Pa. C.S. §6138, provides:

**(a) Convicted violators.—**

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and . . . *shall be given no credit for the time at liberty on parole* [unless the Board, in its discretion, decides to award such credit].

(Emphasis added.) Thus, upon recommitment as a CPV, a parolee forfeits all credit for time spent while on parole. *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011) (*en banc*). The Board recalculates a new parole violation maximum date by adding the forfeited time to the original parole violation maximum date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007). Here, under the authority of section 6138 of the Code, the Board properly recalculated Orsini's parole violation maximum date.

Orsini further argues that the Board's recalculation of his parole violation maximum date violated his due process rights and the prohibition against double jeopardy and amounts to cruel and unusual punishment. However, the Pennsylvania Supreme Court has determined that the statutory provision denying credit for time spent on parole does not violate due process or the prohibition against

4

double jeopardy, nor does it amount to cruel and unusual punishment. *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 847 & n.8 (Pa. 1979).

Finally, Orsini argues that the Board cannot alter his judicially-imposed sentence. The Pennsylvania Supreme Court addressed this issue as well, stating that it is the legislature, not the Board, which has extended the maximum date of the original sentence. *Id.* at 846 n.5. Further, the "'Board has not . . . unlawfully extended the term of his maximum sentence, but has merely withdrawn from the petitioner credit for the time he was at liberty on parole.'" *Id.* (citation omitted).

After a full examination of the record, we conclude that Orsini's appeal is frivolous. Accordingly, we grant Counsel's petition for leave to withdraw as counsel and affirm the Board's determination.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason O. Orsini,                          :
                                          : No. 338 C.D. 2015
                        Petitioner        :
                                          :
                v.                        :
                                          :
Pennsylvania Board of                     :
Probation and Parole,                     :
                                          :
                        Respondent        :


O R D E R


AND NOW, this 14<u>th</u> day of <u>October</u>, 2015, we hereby grant the petition for leave to withdraw as counsel filed by Tina M. Fryling, Esquire, and affirm the February 13, 2015, determination of the Pennsylvania Board of Probation and Parole.


_____
ROCHELLE S. FRIEDMAN, Senior Judge