IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darcel Cowen Harvey,                    :
                                        : No. 47 C.D. 2016
                    Petitioner          : Submitted: May 20, 2016
                                        :
           v.                           :
                                        :
Pennsylvania Board of                   :
Probation and Parole,                   :
                                        :
                    Respondent          :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  August 12, 2016


          Darcel Cowen Harvey petitions for review of the December 14, 2015, determination of the Pennsylvania Board of Probation and Parole (Board) denying Harvey's request for administrative review of the Board's recommitment order. Appointed counsel, R. Bradley Peiffer, Esquire (Counsel), has filed a petition for leave to withdraw as counsel, asserting that Harvey's petition for review is meritless. We grant Counsel's petition and affirm the Board's determination.

          On February 26, 2007, the Court of Common Pleas of Dauphin County sentenced Harvey to 2 to 10 years' imprisonment for drug-related offenses. (C.R. at 1.)  Harvey's maximum release date was set at January 2, 2017. (*Id.*)  The Board paroled and reparoled Harvey on several occasions. (*Id.* at 6-59.)  Ultimately, on

March 2, 2015, the Board paroled Harvey to the Harrisburg Community Corrections Center (Harrisburg CCC). (*Id.* at 60-64.) Thereafter, Harvey failed to return to the Harrisburg CCC and, on April 21, 2015, the Board declared Harvey delinquent. (*Id.* at 65.) On June 15, 2015, Harvey turned himself in to the parole supervision staff at the York Sub-Office of State Parole. (*Id.* at 71.) Harvey informed the parole supervision staff that he had smoked marijuana on June 13, 2015. (*Id.*) Harvey submitted to a drug test and tested positive. (*Id.*)

Also on June 15, 2015, the Board issued a warrant to commit and detain Harvey at the York County Prison and notified Harvey of the technical parole violation charges against him and of a preliminary hearing on the charges. (*Id.* at 66-67.) Thereafter, Harvey signed a "waiver of violation hearing and counsel/admission form," waiving the preliminary hearing, a violation hearing, and counsel at those hearings. (*Id.* at 74.) Harvey also voluntarily admitted that he violated the terms and conditions of his parole because he changed his address, used drugs, and consumed alcohol. (*Id.*) Based on Harvey's admissions and the recommendation of the hearing officer, the Board found probable cause that Harvey violated the conditions of his parole, ordered Harvey detained at the York County Parole Violation Center (PVC), and held the violation hearing/decision in abeyance pending the completion of the hearing officer's recommended programming at the PVC. (*Id.* at 76-78.)

On August 12, 2015, an officer at the PVC filed a disciplinary report against Harvey for refusing to obey an order and accessing an unauthorized area. (*Id.* at 79.) On August 13, 2015, due to the disciplinary infractions, Harvey was placed on Behavioral Adjustment Unit (BAU) status and, thus, was unsuccessfully

2

discharged from the PVC and returned to a contracted county jail (CCJ) at the York County Prison. (*Id.* at 80-90.) On August 19, 2015, Harvey filed an inmate grievance disputing the disciplinary infractions at the PVC and requesting review of a video of the incident. (*Id.* at 111.) The grievance was denied on August 20, 2015.[1] (*Id.* at 112.)

In a decision mailed September 24, 2015, the Board recommitted Harvey as a technical parole violator (TPV) to a CCJ to serve nine months for the technical parole violations of changing his residence, drug use, and alcohol consumption. (*Id.* at 97-99.) The Board relied upon Harvey's June 15, 2015, waiver and signed admission in making its decision. (*Id.*) The Board set Harvey's maximum release date at April 14, 2017. (*Id.*)

On October 26, 2015, Harvey appealed the Board's September 24, 2015, decision, challenging his recommitment and reparole eligibility date. (*Id.* at 106-08.) On December 14, 2015, the Board denied Harvey's request for review and affirmed its September 24, 2015, decision, stating that Harvey had waived his right to a hearing and admitted violating the conditions of his parole in writing on June 15, 2015. (*Id.* at 117.) The Board further stated that "[t]here is no requirement that the Board wait for the outcome of [Harvey's] grievances filed at the York County [PVC] because he has already admitted to the violations in question." (*Id.*) Harvey

---

[1] Harvey filed a second inmate grievance on October 12, 2015, again disputing the disciplinary infractions and his removal from the PVC. (C.R. at 113.) This grievance was denied on October 23, 2015. (*Id.* at 114.) Counsel filed a third inmate grievance on Harvey's behalf on October 24, 2015, disputing the disciplinary infractions and his removal from the PVC, which is still pending. (*Id.* at 115.)

petitioned this court for review.[2]  Thereafter, Counsel filed an application for leave to withdraw and a no-merit letter, contending that Harvey's appeal is meritless.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel:  (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of an *Anders*[3] brief or a no-merit letter satisfying the requirements of *Turner*;[4] and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Encarnacion v. Pennsylvania Board of Probation and Parole*, 990 A.2d 123, 125 (Pa. Cmwlth. 2010).  A no-merit letter must set forth: (1) the nature and extent of the counsel's review of the case; (2) the issues the petitioner wishes to raise on appeal; and (3) counsel's analysis as to why the appeal has no merit.  *Id.* at 126.  Once these requirements are met, this court will independently review petitioner's appeal to determine whether it is meritless.  *Id.*

Here, Counsel mailed Harvey a letter informing Harvey of Counsel's request to withdraw.  Counsel included a no-merit letter, which detailed the nature and extent of Counsel's review of Harvey's case, set forth the issues raised, and explained why Counsel concluded that Harvey's appeal is meritless.  The no-merit letter also advised Harvey of his right to retain substitute counsel or file a *pro se*

---

[2] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[3] *Anders v. State of California*, 386 U.S. 738 (1967).

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

brief. Because Counsel has satisfied the technical requirements of *Turner*, this court will now independently review the merits of Harvey's appeal.

Initially, Harvey argues that the Board should not recommit him as a TPV until it considers the August 12, 2015, video of the incident at the PVC. As Counsel sets forth in his petition for leave to withdraw, Harvey did not request that the Board consider the video in his request for administrative review filed with the Board.[5] Thus, the issue is waived. *See Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) (determining that an issue is waived if it is not raised in the administrative appeal).

Next, Harvey argues that the Board should not have recommitted him as a TPV because his internal inmate grievances are still pending before the PVC. We disagree.

The record reveals that Harvey admitted the technical parole violations on June 15, 2015, and that the Board, upon recommendation of the hearing officer, held the violation hearing/decision in abeyance pending the completion of programming recommended for Harvey at the PVC. Thereafter, upon Harvey's unsuccessful discharge from the PVC and return to the CCJ at York County Prison, the Board issued its decision recommitting Harvey as a TPV. As stated by the Board, "[t]here is no requirement that the Board wait for the outcome of" an inmate grievance before recommitting Harvey as a TPV because Harvey had previously

---

[5] Harvey only requested that the Board not recommit him as a TPV until after the PVC has addressed and disposed of all of his appeals and grievances regarding his discharge from the PVC.

5

admitted the technical parole violations and had waived his right to a hearing. (C.R. at 117.) The Board did not err or abuse its discretion.

Accordingly, we grant Counsel's petition for leave to withdraw as counsel and affirm the Board's order.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darcel Cowen Harvey,                    :
                                        : No. 47 C.D. 2016
                    Petitioner          :
                                        :
            v.                          :
                                        :
Pennsylvania Board of                   :
Probation and Parole,                   :
                                        :
                    Respondent          :

# O R D E R

AND NOW, this 12th day of August, 2016, we hereby grant the petition for leave to withdraw as counsel filed by R. Bradley Peiffer, Esquire, and affirm the December 14, 2015, determination of the Pennsylvania Board of Probation and Parole.

_____
ROCHELLE S. FRIEDMAN, Senior Judge