IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clinton Mickens, :
:  No. 1671 C.D. 2015
Petitioner  :  Submitted: April 8, 2016
:
v.  :
:
Pennsylvania Board of  :
Probation and Parole,  :
:
Respondent  :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED: August 23, 2016


Clinton Mickens petitions for review of the July 1, 2015, decision of the Pennsylvania Board of Probation and Parole (Board) dismissing Mickens' request for administrative review and affirming the Board's recommitment decision mailed April 27, 2015. Appointed counsel, Marc T. Valentine, Esquire (Counsel), has filed an application for leave to withdraw as counsel, asserting that Mickens' petition for review is meritless. We grant Counsel's application and affirm the Board's decision.

On August 3, 2010, the Court of Common Pleas of Cambria County sentenced Mickens to 1 year, 6 months, 3 days' to 4 years, 6 months' incarceration for various crimes. (C.R. at 1-4.) On October 3, 2011, the Board paroled Mickens to his parents' home in Johnstown, Pennsylvania. (*Id.* at 6-9.)

On August 13, 2013, Altoona Police arrested Mickens in Blair County for selling drugs to a confidential informant (CI)[1] on June 25, 2012, March 18, 2013, and August 13, 2013. (*Id.* at 14-15, 20-21, 25, 33, 39.) Ultimately, on October 2, 2014, Mickens pled guilty to the new criminal charges in Cambria County and was sentenced on January 27, 2015. (*Id.* at 50.)

In a decision mailed on April 27, 2015, the Board recommitted Mickens as a convicted parole violator (CPV) to a state correctional institution (SCI) to serve 24 months, when available, pending the sentencing on his Blair County charges and his return to a SCI. (*Id.* at 109.) On May 7, 2015, Mickens filed an administrative appeal of the Board's recommitment decision. (*Id.* at 111.) Mickens asserted that his parole agent was aware of his June 25, 2012, and March 18, 2013, criminal activities when they took place and, therefore, the parole agent should have immediately taken him into custody and detained him as a parole violator. (*Id.* at 113.) Instead, Mickens remained free and engaged in further criminal activity on August 13, 2013. (*Id.*) Thus, Mickens contended that the parole agent engaged in sentencing entrapment, which is a violation of state law. (*Id.*)

On July 1, 2015, the Board dismissed Mickens' appeal "for failure to present adequate factual and legal points for consideration" and affirmed its recommitment decision. (*Id.* at 116-17.) The Board stated that Mickens' "appeal does not indicate that the Board made any specific evidentiary, procedural, or calculation errors in revoking your parole." (*Id.* at 116.) Mickens petitioned this

---

[1] The CI works for the Cambria County Drug Task Force and was working with the Altoona Police in Blair County. Mickens was charged in both Cambria and Blair Counties.

court for review.[2]  Thereafter, Counsel filed an application for leave to withdraw and a no-merit letter, contending that Mickens' appeal is meritless.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel:  (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of an *Anders*[3] brief or a no-merit letter satisfying the requirements of *Turner*;[4] and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Encarnacion v. Pennsylvania Board of Probation and Parole*, 990 A.2d 123, 125 (Pa. Cmwlth. 2010).  A no-merit letter must set forth: (1) the nature and extent of counsel's review of the case; (2) the issues the petitioner wishes to raise on appeal; and (3) counsel's analysis as to why the appeal has no merit.  *Id.* at 126.  Once these requirements are met, this court will independently review the petitioner's appeal to determine whether it is meritless.  *Id.*

Here, Counsel mailed Mickens a letter informing Mickens of Counsel's request to withdraw.  Counsel included a no-merit letter, which detailed the nature and extent of Counsel's review of Mickens' case, set forth the issues raised, and explained why Counsel concluded that Mickens' appeal is meritless.  The no-merit letter also advised Mickens of his right to retain substitute counsel or file a *pro se*

---

[2] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[3] *Anders v. California*, 386 U.S. 738 (1967).

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

brief. Because Counsel has satisfied the technical requirements of *Turner*, this court will now independently review the merits of Mickens' appeal.

Mickens argues that the Board's decision should be reversed because his parole officer knew of his criminal activity on June 25, 2012, and March 18, 2013, but did not have him detained until after his arrest on August 13, 2013, thus committing sentencing entrapment. We disagree.

> Sentencing entrapment occurs when "a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." To succeed on a claim of sentencing entrapment, the defendant must show either "outrageous government conduct" or "extraordinary government misconduct." This consists of conduct "so grossly shocking and so outrageous that it violates the universal sense of justice." This standard puts a heavy burden on the defendant, as sentencing entrapment is not established "simply by showing that the idea originated with the government or that the conduct was encouraged by it . . . or that the crime was prolonged beyond the first criminal act . . . or exceeded in degree or kind what the defendant had done before."

*Commonwealth v. Kittrell*, 19 A.3d 532, 539 (Pa. Super. 2011) (citations omitted). Sentencing entrapment is a defense to criminal charges, as "it provides a convicted defendant the opportunity for a reduced sentence" and "can be used to exclude one of several criminal transactions included in a sentencing scheme." *Commonwealth v. Petzold*, 701 A.2d 1363, 1365 (Pa. Super. 1997).

4

A Board recommitment order, however, is not a criminal charge or sentence, but an administrative action. *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 303 (Pa. 2003).

> The distinction between sentences imposed by the judiciary upon convicted criminal defendants and backtime compelled by the Board upon parole violators is significant. A sentence can be defined as the judgment formally pronounced by the court upon a defendant who has been convicted in a new criminal prosecution and which imposes the term of punishment to be served. By way of comparison, backtime is "that part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding[,] after a civil administrative hearing[,] that the parolee violated the terms and conditions of parole," and before the parolee begins to serve the new sentence. *Therefore, service of backtime relates to the original sentence from which an offender is paroled and is unrelated to any sentence required for a conviction on other criminal charges.*

*Id.* (emphasis added) (citations omitted).

Because the alleged sentencing entrapment relates to Mickens' new criminal charges, it is unrelated to the Board's decision to recommit Mickens as a CPV. The Board did not err or abuse its discretion.

Accordingly, we grant Counsel's application for leave to withdraw as counsel and affirm the Board's decision.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clinton Mickens, :  
  : No. 1671 C.D. 2015
           Petitioner :  
  :  
        v. :  
  :  
Pennsylvania Board of :  
Probation and Parole, :  
  :  
        Respondent :  

## O R D E R

AND NOW, this 23rd day of August, 2016, we hereby grant the application for leave to withdraw as counsel filed by Marc T. Valentine, Esquire, and affirm the July 1, 2015, decision of the Pennsylvania Board of Probation and Parole.

_____
ROCHELLE S. FRIEDMAN, Senior Judge