IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Cavanaugh,                    :
                                     : No. 728 C.D. 2016
                    Petitioner       : Submitted: October 7, 2016
                                     :
            v.                       :
                                     :
Pennsylvania Board of                :
Probation and Parole,                :
                                     :
                    Respondent       :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  December 28, 2016


            Edward Cavanaugh petitions for review of the Pennsylvania Board of
Probation and Parole's (Board) decision denying his request for administrative
review and affirming the Board's modified decision recommitting him as a
convicted parole violator to concurrently serve an unexpired term of 10 months, 4
days, and changing his parole violation max date to July 25, 2015.  Appointed
counsel, Kent D. Watkins, Esq. (Counsel), has filed an application to withdraw as
counsel, asserting that Cavanaugh's petition for review is meritless.  We grant
Counsel's application and affirm the Board's decision.

            On December 12, 2011, the Bradford County Court of Common Pleas
sentenced Cavanaugh to a 1- to 4-year term of imprisonment based on his
conviction for driving under the influence (DUI) at the highest blood alcohol

content (BAC) level. The sentence had a minimum expiration date of June 29, 2012, and a maximum expiration date of June 29, 2015. Certified Record (C.R.) at 7. On October 18, 2012, Cavanaugh was released on parole. *Id.*

On June 27, 2013, the Pennsylvania State Police arrested Cavanaugh for DUI; DUI at the highest BAC level; public drunkenness; driving while his registration and license were suspended; and possessing an alcoholic beverage in a motor vehicle. On February 7, 2014, bail was set on the new charges; however, on March 5, 2014, Cavanaugh's bail was changed and he was released on unsecured bond. C.R. at 37, 97. On September 23, 2014, Cavanaugh pleaded guilty in the Luzerne County Court of Common Pleas to the DUI, DUI at the highest BAC level, and driving while his license was suspended charges; he was sentenced to a 1- to 2-year concurrent term of imprisonment for the DUI conviction and a concurrent 90-day sentence for his driving under suspension conviction. *Id.* at 109.

The Board issued a detainer when the new charges were filed on June 27, 2013. C.R. at 11. On September 29, 2013, a revocation hearing was conducted on Cavanaugh's purported violation of the technical conditions of his parole. *Id.* at 60-90. By decision mailed on November 20, 2013, the Board revoked Cavanaugh's parole and ordered his recommitment based on the admitted technical violations. *Id.* at 91-93. By decision mailed on February 6, 2015, the Board modified its November 2013 decision, and recommitted him as a convicted parole violator to serve his unexpired term of 11 months, 28 days, granting him credit for the time that he was on parole.[1] *Id.* at 122-123. By decision mailed December 15,

---

[1] Section 6138(a)(2.1) of the Prisons and Parole Code states, in relevant part, that "[t]he board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole . . . ." 61 Pa. C.S. §6138(a)(2.1).

2015, the Board amended its February 2015 decision by changing his unexpired term to 10 months, 4 days, and by changing his parole violation max date to July 25, 2015. *Id.* at 12.

On January 18, 2016, Cavanaugh mailed to the Board an administrative appeal and a petition for administrative review challenging the Board's credit to his sentence because it did not comply with the judge's date of release. C.R. at 128. By decision mailed April 18, 2016, the Board denied the petition and affirmed its decision stating, in relevant part:

> Despite Mr. Cavanaugh's recommitment as a convicted parole violator, the Board chose to award him credit for time spent at liberty on parole. 61 Pa. C.S. §6138(a)(2.1). However, the decision to grant your client credit for time at liberty on parole does not mean that he is entitled to all credit on his original sentence. The Board gave Mr. Cavanaugh credit on his original sentence for the period he was at liberty on parole from October 18, 2012 to June 27, 2013, when the Board detained him for parole violations. Your client had 732 days remaining on his sentence at the time the Board detained him (from 06/27/2013 to 06/29/2015 = 732 days).
>
> The Board gave your client 427 days of credit on his original sentence for the periods he was held solely on the Board detainer from June 27, 2013 to February 7, 2014 (225 days) and from March 5, 2014 to September 23, 2014 (202 days). *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Conversely, the Board did not give Mr. Cavanaugh credit for the time he was incarcerated from February 7, 2014 to March 5, 2014 because he was held on both the Board detainer and the new criminal charges during that time. As such, credit for that time must apply to his new sentence. *Id.* Subtracting the 427 days of credit he received from the 732 days he had remaining left 305 days to serve.

The Prisons and Parole Code provides that convicted parole violators who are paroled from an SCI and then receive a new sentence to be served in an SCI must serve the original sentence first. 61 Pa. C.S. §6138(a)(5). Because the Board had already recommitted your client as a technical parole violator, he became available to re-start his original sentence when the court sentenced him for the new convictions on September 23, 2014. Adding the 305 days he had remaining to this availability date yielded a new max date of July 25, 201[5].

*Id.* at 133-134.[2]

Cavanaugh then filed the instant petition for review of the Board's decision alleging that the Board failed to give him credit for all of the time served exclusively under its detainer.[3] Thereafter, Counsel filed an application to withdraw and a no-merit letter contending that the appeal is meritless.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of an *Anders*[4] brief or a no-merit letter satisfying the requirements of *Turner*;[5] and (3)

---

[2] By decision dated April 12, 2016, the Board granted Cavanaugh parole from his new DUI sentence on or after June 21, 2016, and calculated the maximum parole date for that sentence to be June 21, 2017. C.R. at 135-137. That Board decision regarding the service of Cavanaugh's new sentence is not at issue in the instant appeal. Nevertheless, the fact that Cavanaugh has completed serving his original sentence, or that the Board issued a subsequent decision paroling him on his new sentence and setting a new maximum date for that sentence, does not render the instant appeal moot because the Board's credit on his original sentence could affect the service of his new sentence.

[3] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

[4] *Anders v. California*, 386 U.S. 738 (1967).

4

advises the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Encarnacion v. Pennsylvania Board of Probation and Parole*, 990 A.2d 123, 125 (Pa. Cmwlth. 2010). A no-merit letter must set forth: (1) the nature and extent of counsel's review of the case; (2) the issues the petitioner wishes to raise on appeal; and (3) counsel's analysis as to why the appeal has no merit. *Id.* at 126. Once these requirements are met, this Court will independently review the petitioner's appeal to determine whether it is meritless. *Id.*

Here, Counsel mailed Cavanaugh a letter informing him of Counsel's request to withdraw. Counsel included a no-merit letter, which detailed the nature and extent of Counsel's review of Cavanaugh's case, set forth the issue raised in the petition for review, and explained why Counsel concluded that Cavanaugh's appeal is meritless. The no-merit letter also advised Cavanaugh of his right to retain substitute counsel or file a *pro se* brief. Because Counsel has satisfied the technical requirements of *Turner*, this Court will now independently review the merits of Cavanaugh's appeal.

Cavanaugh argues that the Board's decision should be reversed because the Board failed to give him credit for all of the time that he served due to its detainer. We disagree.

The Prisons and Parole Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. §6138(a)(1). A parolee recommitted as a convicted parole violator

---

**(continued…)**

[5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

5

must serve the remainder of the term that he would have been compelled to serve had parole not been granted, with no credit for the time at liberty on parole, unless the Board exercises its discretion to award credit. 61 Pa. C.S. §6138(a)(2), (2.1). If a new sentence is imposed, the parolee must serve the balance of the original sentence prior to commencement of the new sentence. 61 Pa. C.S. §6138(a)(5)(i).

When a parole violator satisfies bail requirements prior to sentencing on new charges and is incarcerated solely by reason of the Board's detainer, the period of incarceration prior to sentencing is credited to the convicted parole violator's original sentence. *Gaito*, 412 A.2d at 571. However, when bail is not posted, time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence. *Id.*

As outlined above, the Board gave Cavanaugh credit on his original sentence for the periods that he was held solely on the Board's detainer from June 27, 2013, the date the detainer was filed, to February 7, 2014, the day that bail was set on the new charges, and from March 5, 2014, the date that he was released on unsecured bond on the new charges, to September 23, 2014, the date of sentencing on the new charges. Contrary to his claim in the petition for review, the Board did not err in granting credit for all of the time that Cavanaugh served solely as a result of the Board's detainer. *Gaito*, 412 A.2d at 571.

Accordingly, we grant Counsel's application to withdraw and affirm the Board's decision.

_____
MICHAEL H. WOJCIK, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Cavanaugh,            :
                                   : No. 728 C.D. 2016
                Petitioner     :
                                     :
             v.                   :
                                     :
Pennsylvania Board of        :
Probation and Parole,         :
                                     :
                Respondent    :

## O R D E R

AND NOW, this 28th day of December, 2016, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esq. is GRANTED, and the decision of the Pennsylvania Board of Probation and Parole dated April 18, 2016, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge