IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Clayton, : 
           Petitioner : 
       : 
      v. : No. 431 C.D. 2016
       : SUBMITTED: May 19, 2017
Pennsylvania Board of : 
Probation and Parole, : 
           Respondent : 

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE JULIA K. HEARTHWAY, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE HEARTHWAY          FILED: August 31, 2017

James Clayton petitions for review of the February 18, 2016 determination of the Pennsylvania Board of Probation and Parole (Board) denying Clayton's request for administrative review of the Board's recommitment order. Appointed counsel, James L. Best, Esquire (Counsel), has filed a petition for leave to withdraw as counsel, asserting that Clayton's petition for review is meritless. We grant Counsel's petition and affirm the Board's determination.

On February 25, 2011, Clayton was sentenced to serve 2½ to 5 years in prison for drug-related offenses. On January 6, 2014, Clayton was paroled to Liberty Management halfway house. On April 12, 2014, Clayton absconded from

the house and was arrested on new criminal charges on May 8, 2014. On May 16, 2014, a parole revocation hearing was held at which Clayton admitted being a technical parole violator (TPV). On June 19, 2014, the Board recommitted Clayton as a TPV to serve 6 months of backtime.

On February 12, 2015, Clayton, after pleading guilty to the new criminal charges, was sentenced to 11½ to 23 months imprisonment on the new charges. At a Board hearing on March 27, 2015, Clayton admitted to being a convicted parole violator (CPV) due to his criminal conviction on the new charges. On September 23, 2015, the Board recommitted Clayton as a CPV to serve 24 months of backtime. Clayton requested administrative review, which was denied by the Board. Subsequently, Clayton petitioned this Court for review.[1] Thereafter, Counsel filed an application for leave to withdraw and a no-merit letter, contending that Clayton's appeal is meritless.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of an *Anders*[2] brief or a no-merit letter satisfying the requirements of *Turner*;[3] and (3) advises the petitioner of his right to retain new counsel or submit a brief on his

---

[1] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[2] *Anders v. State of California*, 386 U.S. 738 (1967).

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

2

own behalf. *Encarnacion v. Pennsylvania Board of Probation and Parole*, 990 A.2d 123, 125 (Pa. Cmwlth. 2010). A no-merit letter must set forth: (1) the nature and extent of the counsel's review of the case; (2) the issues the petitioner wishes to raise on appeal; and (3) counsel's analysis as to why the appeal has no merit. *Id.* at 126. Once these requirements are met, this Court will independently review petitioner's appeal to determine whether it is meritless. *Id.*

Here, Counsel mailed Clayton a letter informing Clayton of Counsel's request to withdraw. Counsel included a no-merit letter, which detailed the nature and extent of Counsel's review of Clayton's case, set forth the issues raised, and explained why Counsel concluded that Clayton's appeal is meritless. Counsel also provided Clayton with a copy of this Court's order advising Clayton that he may obtain substitute counsel at his own expense to file a brief in support of Clayton's petition or that he may file a brief on his own behalf. Because Counsel has satisfied the elemental requirements of *Turner*, this Court will now independently review the merits of Clayton's appeal.

Clayton argues that the Board's recommitment of him as a CPV and the resulting new maximum sentence date is in error because it countermands, reverses, and interferes with the finality of court orders. Specifically, Clayton argues that the new maximum release date is the Board's interpretation of Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(2), and that this interpretation encroaches on the exclusive province of the judicial branch of government.[4] Simply, Clayton argues that the Board violated the separation of

---

[4] Section 6138(a) of the Code provides:
**(Footnote continued on next page…)**

3

powers doctrine by its notice of decision dated September 23, 2015, which forfeited his street time upon his parole revocation for a new criminal offense; that such forfeiture is unconstitutional because the Board is without power to alter a judicial sentence.

Clayton's argument has been repeatedly rejected by our Courts. In *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979), our Supreme Court determined that the "Board's power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power." Further, in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980), the Supreme Court stated that "when the Board refuses to credit a [CPV] with time spent free on parole there is neither a usurpation of the judicial

---

**(continued…)**

> Convicted violators. –
>
> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(1) and (2).

4

function of sentencing nor a denial of the procedural safeguards to which persons are entitled." In *Davidson v. Pennsylvania Board of Probation and Parole*, 33 A.3d 682, 686 (Pa. Cmwlth. 2011), this Court agreed with *Young* and determined that "the Board did not violate the separation of powers doctrine by acting pursuant to 61 Pa. C.S. § 6138 and recommitting [the p]etitioner as a [CPV] without credit for time served at liberty on parole." Thus here, as in *Young*, *Gaito*, and *Davidson*, the Board in this case did not violate the separation of powers doctrine when it recommitted Clayton as a CPV to serve 24 months of backtime, thereby forfeiting his time at liberty on parole.

Accordingly, we grant Counsel's petition for leave to withdraw as counsel for Clayton and affirm the Board's determination.

_____
JULIA K. HEARTHWAY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Clayton,                                :
              Petitioner        :
                                 :
            v.               : No. 431 C.D. 2016
                                 :
Pennsylvania Board of                         :
Probation and Parole,                         :
              Respondent      :

## O R D E R

AND NOW, this 31st day of August, 2017, the petition for leave to withdraw as counsel filed by James L. Best, Esquire in the above-captioned matter is hereby granted and the order of the Pennsylvania Board of Probation and Parole is affirmed.


_____
JULIA K. HEARTHWAY, Judge