# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Douglas Smith,                          :
                  Petitioner            :
                                        :
        v.                              :   No. 603 C.D. 2021
                                        :   SUBMITTED:  February 4, 2022
Pennsylvania Parole Board,              :
                  Respondent            :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  June 1, 2022**


Douglas Smith petitions for review of an order of the Pennsylvania Parole Board (Board), which denied his request for administrative review seeking credit toward his parole violation maximum sentence date for the time he spent in federal prison.  In addition, Smith's counsel, Autumn L. Johnson, Esquire, has filed an application to withdraw her appearance, asserting that Smith's appeal is without merit.  After review, we grant counsel's application and affirm the Board's order.

In 1994, Smith was convicted of robbery and sentenced by the Court of Common Pleas of Allegheny County to 6 years, 6 months to 20 years in a state correctional institution (SCI).  (Certified Record "C.R." at 1.)  At that time, his maximum sentence date was January 30, 2014.  (*Id.*)  On July 31, 2000, Smith was released on parole.  (C.R. at 6.)  Smith was recommitted as a technical parole violator (TPV) in 2006, and as a TPV and convicted parole violator (CPV) in 2008.  (C.R. at

14, 23, 26.) He was again recommitted as a CPV and a TPV in 2013. (C.R. at 48-50.) As a result, when he was reparoled on March 16, 2014, his maximum sentence date was November 5, 2022. (C.R. at 51.)

While Smith was on parole, on October 22, 2014, the Federal Bureau of Investigation (FBI) issued a detainer warrant against him for new criminal drug charges. (C.R. at 125.) On October 24, 2014, the Board lodged a detainer warrant against Smith due to technical parole violations.[1] (C.R. at 59-61.) That same day, Smith was arrested by the Pittsburgh Police for outstanding federal and state warrants, and he was confined in Allegheny County Prison. (C.R. at 62, 70.) Smith did not post bail. (C.R. at 68.)

On October 24, 2014, the FBI charged Smith with possession with intent to deliver cocaine and heroin. (C.R. at 62.) On November 3, 2014, a federal magistrate issued a writ of habeas corpus ad prosequendum for Smith's November 19, 2014 arraignment. (C.R. at 126.) On the day of his arraignment, Smith appeared before the federal magistrate, the new charges were held for court, Smith waived his detention hearing, and the federal magistrate ordered Smith's detention. (C.R. at 111, 126.)

On October 31, 2014, the Board issued a notice of charges and scheduled a detention hearing[2] based on the federal charges, along with a preliminary hearing regarding the technical parole violations.[3] Smith waived his right to both hearings and his right to counsel, and he admitted to the technical violations. (C.R.

---

[1] Smith had been declared delinquent effective August 22, 2014, for failing to report to his parole agent. (C.R. at 59-60, 62.)

[2] This hearing was scheduled for November 4, 2014, at the Allegheny County Prison. (C.R. at 62.)

[3] The Board charged Smith with failure to maintain regular contact with parole staff and failure to follow written instructions of the Board or parole staff. (C.R. at 62.)

2

at 64-65.)  By Board order recorded on December 2, 2014,[4] Smith was detained pending disposition of the new criminal charges and recommitted to an SCI/contracted county jail for six months as a TPV.[5]  (C.R. at 88-90.)

On August 27, 2015, Smith entered a guilty plea in the United States District Court for the Western District of Pennsylvania to conspiracy to possess with intent to distribute 500 grams or more of cocaine and conspiracy to possess with intent to distribute 100 grams or more of heroin.  (C.R. at 94-96, 101, 112.)  On January 7, 2016, he received a total sentence of 72 months to be served in federal prison, followed by 4 years of supervised release, and was remanded to the custody of the United States Marshal.  (C.R. at 96-97.)

As a result of the new federal convictions, on November 10, 2015, the Board scheduled a revocation hearing.  (C.R. at 108.)  Smith waived his right to a revocation hearing and to counsel, and he admitted to the new federal convictions.  (C.R. at 110.)  By order recorded on March 23, 2016 (mailed on April 18, 2016), the Board modified its December 2, 2014 order by deleting the reparole portion, referred to that order recommitting Smith as a TPV for 6 months, and recommitted Smith as a CPV to serve 36 months' backtime concurrently, when available, pending parole from or completion of his federal sentence and his return to an SCI.  (C.R. at 137.)  Upon his return to state custody, by order mailed on July 17, 2020, the Board recommitted Smith as a TPV and CPV to serve a total of 36 months of backtime, rendering him ineligible for reparole until December 7, 2022, and declined to award Smith credit for the time he spent at liberty on parole because he absconded while on parole and due to his unresolved drug and/or alcohol issues.  (C.R. at 148-49.)

---

[4] The Board panel members voted on November 13 and November 26, 2014.  (C.R. at 85.)

[5] Notably, by the time the Board issued its order, Smith was already in federal custody.

Based on his return to state custody on January 2, 2020, his maximum sentence date was recalculated as July 28, 2028.[6] (C.R. at 146.)

On August 2, 2020, Smith, pro se, submitted an administrative remedies form and a petition for administrative review. (C.R. at 150-52.) Smith questioned why he was not credited for the time he spent in pretrial custody on the Board's detainer warrant from January 7, 2016 (the date he received his federal sentence), to December 30, 2019 (the date he completed his federal sentence). He also challenged the order in which his sentences were served and argued that he became available to commence service of his original sentence at the time he was sentenced in federal court based on the Board's still-active detainer warrant against him, but instead, he was returned to federal custody.

By decision mailed on May 3, 2021, the Board responded to Smith's administrative appeal. (C.R. at 160-63.) It advised that when Smith was paroled on March 16, 2014, he had 3,156 days remaining on his original sentence. The Board further explained that its decision to recommit Smith as a CPV authorized the recalculation of his maximum sentence date to reflect that he received no credit for the time he spent at liberty on parole. Because the Board denied Smith credit, 3,156 days remained on his original sentence. On October 24, 2014, the Board lodged its detainer warrant against Smith for technical parole violations, and he remained in its custody until November 19, 2014, when Smith was arraigned by federal authorities on new criminal charges. Smith did not post bail on the federal charges and was later sentenced in federal court on January 7, 2016, to a new term of 72 months' incarceration in a federal facility. He remained in federal custody through the

---

[6] The Board awarded Smith presentence credit for 26 days from October 24, 2014, to November 19, 2014, when he was held solely on the Board's warrant. (C.R. at 146.)

4

completion of his new federal sentence on December 30, 2019, and was returned to an SCI.

The Board noted that it awarded Smith presentence credit for the 26 days that he was held solely on the Board's warrant from October 24, 2014, through November 19, 2014. Because Smith did not post bail following his arrest on the federal charges on November 19, 2014, he was not held solely on the Board's warrant. Deducting 26 days from the 3,156 days remaining on Smith's original sentence left him with 3,130 days. The Board indicated that the federal Bureau of Prisons allocated the remaining credit to Smith's new federal term.

The Board agreed with Smith that Section 6138(a)(5.1) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138(a)(5.1), requires that a parolee serve the balance of his original sentence prior to serving a new federal sentence, but clarified that the statute is contingent on federal authorities returning the parolee to an SCI. Here, Smith was not returned to an SCI, and thus did not become available to the Board, until December 30, 2019. As such, 3,130 days remaining on his original sentence must be added to that custody for return date, which yielded a recalculated maximum sentence date of July 25, 2028, not July 28, 2028, as originally calculated. The Board therefore reversed its July 17, 2020 decision as to Smith's custody for return date and issued a separate decision correcting Smith's custody for return date to December 30, 2019, and recalculating his maximum sentence date as July 25, 2028. (C.R. at 157-59, 161-62.)

Smith, now represented by counsel, petitions for review to this Court, challenging the Board's finding that he did not become available to commence service of his original sentence until December 30, 2019. Counsel subsequently filed

the application to withdraw appearance, along with a no-merit letter,[7] asserting that Smith's sole claim on appeal is without merit.

As an initial matter, we must address counsel's application to withdraw and determine whether she has satisfied the requirements that appointed counsel must meet before leave to withdraw may be granted. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In that regard, the following is well established:

> A court-appointed counsel who seeks to withdraw representation because issues raised by the petitioner are frivolous must fulfill the following technical requirements: (1) [s]he must notify [the] parolee of [the] request to withdraw; (2) [s]he must furnish [the] parolee with a copy of an *Anders* [*v. California*, 386 U.S. 738 (1967),] brief or no-merit letter; and (3) [s]he must advise [the] parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration.

*Banks v. Pa. Bd. of Prob. & Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003) (footnote omitted). Further, "[c]ounsel's brief or no-merit letter must set forth: (1) the nature and extent of h[er] review of the case; (2) the issues the parolee wishes to raise on appeal; and (3) counsel's analysis concluding that the appeal has no merit and is frivolous." *Encarnacion v. Pa. Bd. of Prob. & Parole*, 990 A.2d 123, 126 (Pa. Cmwlth. 2010) (citations omitted).

Upon review of counsel's application and accompanying no-merit letter, it is clear that she satisfied both the procedural and substantive requirements necessary to withdraw as counsel. With regard to the procedural requirements, counsel: (1) notified Smith of her request to withdraw as counsel; (2) furnished Smith with a copy of her application to withdraw and no-merit letter in support of

---

[7] *See Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988).

6

that application; and (3) advised Smith of the right to retain new counsel, to proceed pro se, and to raise any additional issues that he deems worthy of review by this Court. Further, in her no-merit letter, counsel set forth: (1) the nature of her review of the case; (2) the issue that Smith sought to raise in his petition for review; and (3) an explanation as to why she believed that the issue was without merit.

Turning to our review of the merits of the petition for review, Smith "objects to the finding that he was not available to commence service of his original sentence until December 30, 2019." Pet. for Rev. ¶ 7. In her no-merit letter, counsel explains that, based on Smith's pro se administrative appeal, Smith believes that he should have served his original sentence before his federal sentence. Thus, Smith claims, all the time he spent in custody serving his federal sentence should be credited to his original sentence.

Pursuant to Section 6138(a)(5) and (5.1) of the Parole Code:

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a[n SCI] and the new sentence imposed on the person is to be served in the [SCI].

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

(5.1) **If the parolee is sentenced to serve a new term of total confinement by a Federal court** or by a court of another jurisdiction because of a verdict or plea under paragraph (1), **the**

7

**parolee shall serve the balance of the original term before serving the new term**.

61 Pa. C.S. § 6138(a)(5) and (5.1) (emphasis added).[8] Smith is correct that, pursuant to Section 6138(a)(5.1) of the Parole Code, his original sentence should be served prior to his federal sentence. However, as noted by counsel, in *Stroud v. Pennsylvania Board of Probation and Parole*, 196 A.3d 667 (Pa. Cmwlth. 2018), we explained that the statute is applicable when the parolee is in state custody. If the parolee is already in federal custody when the Board recommits him to serve the remainder of his original sentence, he is unavailable to the Board, such that the Board cannot acquire him prior to his release from federal custody. *Id.* at 673 [citing *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1027 (Pa. Cmwlth. 2017)]. Also, in *Santosusso v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 574 C.D. 2017, filed January 30, 2018), we noted that, "[a]s in *Brown*, we are unaware of any authority supporting [the parolee's] implicit supposition that the Board has the power to pluck a Pennsylvania parolee from a federal prison for the purpose of recommitting him as a parole violator." *Id.*, slip op. at 6.[9]

Here, Smith was arrested by the Pittsburgh Police and incarcerated in the Allegheny County Prison based on the Board's warrant and the federal warrant. Both the FBI and the Board moved forward with their respective charges against Smith. Pursuant to a federal writ, on November 19, 2014, Smith was transferred

---

[8] We note that various sections of the Parole Code, including Section 6138, have recently been amended by the Act of June 30, 2021, P.L. 260, effective immediately. While the substance of the pertinent statutory section both prior to and after the amendments is the same, we nevertheless reference the version of the Parole Code that was in effect at the time the Board rendered its decision in this matter.

[9] This Court's unreported memorandum opinions may only be cited for their persuasive value, not as binding precedent. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

8

from the Allegheny County Prison to his arraignment on the federal charges. On that day, the charges were held for court, Smith waived his detention hearing, and the federal magistrate ordered Smith's immediate detention. Thus, Smith remained in federal custody from November 19, 2014, through the completion of his federal sentence on December 30, 2019. As such, Smith was in federal custody when the Board recommitted him as a TPV and CPV on March 23, 2016, to serve 36 months' backtime due to his new federal convictions. Moreover, Smith was already in federal custody on December 2, 2014, when the Board recommitted him as a TPV and detained him pending disposition of the federal charges. Therefore, we agree with counsel that the Board did not have the authority to recommit Smith as a CPV prior to the completion of his federal sentence in this case, and Smith's claim to the contrary is meritless.

For the above reasons, we grant counsel's application to withdraw and affirm the Board's order.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Douglas Smith,                                :
                         Petitioner    :
                                           :

      v.                                      :    No. 603 C.D. 2021
                                           :

Pennsylvania Parole Board,          :
                      Respondent    :

# O R D E R

AND NOW, this 1st day of June, 2022, Autumn L. Johnson, Esquire's application to withdraw appearance is GRANTED, and the order of the Pennsylvania Parole Board, dated May 3, 2021, is AFFIRMED.

 

 

                                           _____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita