**John Wesley BANKS, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 16, 2003.

Decided June 20, 2003.

Matthew P. Kelly, Wilkes Barre, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: PELLEGRINI, Judge, COHN, Judge and JIULIANTE, Senior Judge.

OPINION BY Judge PELLEGRINI.

Before this Court is a Petition for Leave to Withdraw as Counsel filed by Assistant Public Defender of Luzerne County Matthew P. Kelly (Counsel) who represents inmate John Wesley Banks (Banks) who filed a petition for review from an order of the Pennsylvania Board of Probation and Parole (Board) recommitting Banks as a convicted parole violator and recalculating his maximum release date to reflect his parole violation. Counsel requests permission to withdraw from further representation of Banks on the grounds that his petition for review is frivolous and without arguable merit.

On March 13, 1977, Banks was convicted of Murder in the Third Degree and sentenced to a term of 10 to 20 years imprisonment. His minimum release date was October 16, 1986, with a maximum release date of October 16, 1996. After serving his minimum sentence, Banks was paroled to an approved plan and released on October 16, 1986. On December 25, 1991, Banks was arrested by the Pittsburgh Housing Authority Police for carrying a firearm without a license. By notice dated February 14, 1992,[1] the Board ordered that Banks be detained pending disposition of the criminal charges. On September 22, 1992, Banks was convicted and sentenced to a term of two to four years imprisonment with a minimum date of November 25, 1994, and a maximum release date of November 25, 1996. Based on that conviction, by notice dated February 19, 1993, and mailed on February 25, 1993, the Board recommitted Banks to serve 12 months backtime as a convicted parole violator and recalculated his maximum date to be December 1, 2002. That notice further provided that Banks was to be reparoled on December 1, 1993, to his detainer

---

1. The Sentence Status Summary indicates that the Pennsylvania Department of Correc- tions' date of reception for Banks was January 6, 1992.

sentence upon the condition that there were no misconducts and Banks remained involved in his required programs.

By notice dated November 8, 1994, Banks was granted parole on or after November 25, 1994, to an intensive supervision diversion release program. However, on October 10, 1995, Banks was taken into custody and charged with violations of his parole. By notice dated April 9, 1996, Banks was recommitted to serve 30 months backtime as a technical parole violator for violation of two counts of condition 3A—failure to report and failure to follow written instructions and for a violation of condition 7—failure to submit to a urine sample.

Subsequently, by notice dated August 21, 1998, the Board reparoled Banks to a Community Corrections Center. As a condition of his parole, Banks was required, among other things, to maintain a full-time job, participate in drug and alcohol treatment prior to release from the Center and provide a DNA sample prior to being released from the Center. Banks was released on May 10, 1999. On March 21, 2001, the Board issued a Warrant to Commit and Detain Banks for violation of his parole in connection with his arrest for Driving Under the Influence (DUI) by the City of Pittsburgh Police on March 16, 2001.[2] By notice dated May 2, 2001, the Board ordered that Banks be detained pending disposition of the criminal charges. Subsequently, on June 8, 2001, the Board recommitted Banks to serve nine months as a technical parole violator for violating condition 3B—failure to report an arrest within 72 hours and condition 7—alcohol consumption. On October 23, 2001, Banks pled guilty to DUI and was sentenced to a 48–hour flat sentence. As a result of Banks' new conviction, following a hearing, the Board, by notice dated April 9, 2002, recommitted Banks as a convicted parole violator to serve six months backtime to be served consecutive to the nine months backtime as a technical parole violator it had imposed on June 8, 2001, resulting in a total of 15 months backtime. The Board further calculated Banks' maximum release date to be August 23, 2006.

Banks, through Assistant Public Defender of Luzerne County Richard C. Shiptoski, filed a request for administrative relief with the Board on May 13, 2002, contending that the Board erred in recalculating his maximum date on two occasions. In his request for administrative relief, Banks objected to the Board's Notice of Decision dated February 19, 1993, and mailed February 25, 1993, in which it recalculated his maximum release date to December 1, 2002. He also objected to the Board's most recent action in recalculating his maximum release date to be August 23, 2006. As to Banks' request for administrative relief regarding its recalculation of his maximum release date to be December 1, 2002, the Board concluded that because that recalculation order was mailed February 23, 1993, Bank's appeal was untimely and dismissed the action. As to its April 15, 2002 recalculation order in which it determined Banks' maximum release date to be August 23, 2006, the Board determined that its recalculation was correct and denied Banks' request for administrative relief.

Alleging that the Board improperly recalculated his maximum release date on two occasions, Banks, through Assistant Public Defender of Luzerne County William Ruzzo, filed a petition for review with this Court. After the record was filed, Counsel requested permission to withdraw from further representation of Banks, con-

2. Banks posted bail and was released from police custody on March 17, 2001.

tending that upon his review of the record, no grounds existed for Banks' appeal. Accompanying Counsel's petition to this Court was a brief in support of his Petition to Withdraw, along with a copy to Banks advising him that Counsel found no merit to his appeal and notifying him of right to retain new counsel or raise any points that he might deem worthy of consideration.

■■■ A court-appointed counsel who seeks to withdraw representation because issues raised by the petitioner are frivolous must fulfill the following technical requirements: (1) he must notify parolee of request to withdraw; (2) he must furnish parolee with a copy of an *Anders*[3] brief or no-merit letter; and (3) he must advise parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Dear v. Pennsylvania Board of Probation and Parole*, 686 A.2d 423 (Pa.Cmwlth.1996). The brief or letter must set forth (1) the nature and extent of counsel's review of the case; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis concluding that the appeal is frivolous. *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513 (Pa.Cmwlth.1998). Counsel must satisfy these requirements before we may consider any request to withdraw an appearance. *Id.* Once we are satisfied that those requirements have been met, we will then go on to make an independent evaluation of the proceedings before the Board to determine whether the petitioner's appeal is wholly frivolous before we will allow counsel to withdraw. *Id.* A wholly frivolous appeal is one that is completely devoid of points that might arguably support an appeal. *Congo v. Pennsylvania Board of Probation and Parole*, 104 Pa.Cmwlth. 511, 522 A.2d 676 (1987).

■■■ In addressing whether the Board improperly recalculated Banks' maximum release date, Counsel's brief provides:

Banks was convicted of homicide in 1976 and received a sentence of 10 to 20 years with a parole violation max date of 10–16–96. He was released on 10–16–86 and subsequently arrested on 12–25–91 and received a sentence of two to four years. The Board also gave him 12 months and extended his max date to 12–1–02. Banks contends that in considering the loss of street time, his max date should have been 12–16–01 rather than 12–1–02.

As to the recent Board action, Banks contends that the Board erred in extending the parole violation max date to 8–23–06.

Banks contends that he was released from incarceration on 5–10–99 and left a halfway house on 8–10–99. He was subsequently arrested on a new criminal charge of DUI on 3–16–01, posting bail on 3–17–01. A Board detainer was lodged on 3–21–01. Banks was convicted of the charge on 10–23–01 and sentenced to a flat 48 hour sentence.

Banks contends that he should be credited with the period of time from which he posted bail (3–17–01) until the date of his conviction (10–23–01). Banks' only loss of street time then should be from 8–19–99 to 3–17–01, a period of 19 months and 7 days.

It is well-settled that a parolee will be given credit for time served against the original sentence if he is being held solely because of a detainer lodged by the Board. *See Gaito v. Pa. Bd. of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980). In the instant case, however, in its response to Petitioner's administrative appeal, it appears that the

---

**3.** *See Anders v. California,* 386 U.S. 738, 87    S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Board has properly credited [him] for the 7 months and 2 days that the Petition was held on detainer until the date of conviction. (R.87).

Therefore, after reviewing the above-referenced law, counsel believes any appeal is frivolous and without merit.

(Counsel's brief at 5–6.) (Emphasis in the original.)

While Counsel succinctly sets forth the applicable dates when Banks was arrested and released on parole, he neither provides any analysis at all regarding Banks' contention that the Board, in its Notice of Decision dated February 19, 1993, erroneously recalculated his maximum release date to be December 1, 2002, nor does he provide a clear explanation with any supporting authority as to why the Board's most recent recalculation of Banks' maximum release date to be August 23, 2006, as evidenced in its Notice of Decision dated April 9, 2002, was correct. Instead, he merely states that "it appears that the Board has properly credited for the 7 months and 2 days that the Petition was held on detainer until the date of conviction." *Id.* By failing to support his contention that credit was properly allocated to Banks by the Board and that the Board's recalculation of Banks' maximum release date was correct, we are not free to make our own independent evaluation, no matter that even with cursory research, we could find that the appeal was frivolous.

Accordingly, we must deny the request to withdraw until Counsel can provide a sufficient legal analysis as to why he has concluded that Banks' appeal is wholly frivolous and without merit.

### ORDER

AND NOW, this *20th* day of *June,* 2003, the application filed by Matthew P. Kelly, Esquire, for leave to withdraw as counsel is denied without prejudice and he may refile his renewed application, together with a new brief, within thirty (30) days.