IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Harris, : 
: No. 853 C.D. 2015
Petitioner : Submitted: November 25, 2015
:
v. :
:
Pennsylvania Board :
of Probation and Parole, :
:
Respondent :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  February 9, 2016


Matthew Harris petitions for review of the April 29, 2015, decision of the Pennsylvania Board of Probation and Parole (Board), dismissing Harris's petition for administrative review (Petition) as untimely.  Appointed counsel, Richard C. Shiptoski, Esquire (Counsel), has filed an application for leave to withdraw asserting that Harris's Petition lacks merit.  We grant Counsel's application for leave to withdraw and affirm the Board.

Counsel seeking to withdraw from representation must: (1) notify the parolee of the request to withdraw; (2) furnish the parolee with a copy of the *Anders*[1]

_____

[1] *Anders v. California*, 386 U.S. 738 (1967).

brief or no-merit letter; and (3) advise the "parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration." *Banks v. Pennsylvania Board of Probation and Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003). Counsel's "brief or letter must set forth (1) the nature and extent of counsel's review of the case; (2) the issues the [parolee] wishes to raise; and (3) counsel's analysis concluding that the appeal is frivolous." *Id.* We will not examine the merits of an appeal until we are satisfied that counsel has complied with the technical requirements of *Anders*. *Wesley v. Pennsylvania Board of Probation and Parole*, 614 A.2d 355, 356 (Pa. Cmwlth. 1992). Here, Counsel has satisfied the technical requirements of *Anders*[2]; thus, we may proceed to review the merits of Harris's Petition.

On November 6, 2014, the Board issued a decision modifying the Board's action of July 8, 2014, changing Harris's maximum release date to November 20, 2015. On March 12, 2015, four months later, Harris filed a petition for administrative review from the Board's November 6, 2014, decision. On April 29, 2015, the Board dismissed Harris's Petition as untimely. Harris now petitions for review of that decision.

In accordance with 37 Pa. Code §73.1(b)(1) and (3):

(1)    A parolee . . . may petition for administrative review
under this subsection of determinations relating to

_____

[2] The record shows that Counsel notified Harris of his request to withdraw, provided Harris with a copy of his *Anders* brief, and advised Harris of his right to submit a brief on his own behalf. In the *Anders* brief, Counsel analyzed the issues on appeal and determined that Harris's appeal is wholly frivolous.

2

revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination.

* * *

(3) Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.

This court has determined that the Board does not have jurisdiction to decide a petition for administrative review received after the 30-day appeal period has expired. *Pometti v. Pennsylvania Board of Probation and Parole*, 705 A.2d 953, 955 (Pa. Cmwlth. 1998). "This time period is jurisdictional and cannot be extended absent a showing of fraud or a breakdown of the administrative process." *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013).

Harris does not allege fraud or a breakdown in the administrative process but rather argues that the legality of a sentence is a non-waivable issue. *See Commonwealth v. Ford*, 461 A.2d 1281, 1288-89 (Pa. Super. 1983) (stating that the lawfulness of a sentence imposed upon a conviction is not waivable). Backtime, however, is not a sentence. "Backtime" is "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code §61.1. A "sentence" is defined as "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty." Black's Law Dictionary 1485 (9th ed. 2009). The Board's decision informing Harris, a parole violator, of the amount of backtime owed does not amount to a sentence.

Because Harris's Petition was untimely, the Board lacked jurisdiction to decide Harris's Petition.[3]

Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[3] Because the Board lacked jurisdiction, we need not address Harris's arguments regarding the calculation of his backtime. *See* 37 Pa. Code §73.1(b).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Harris,                    :
                                   : No. 853 C.D. 2015
                    Petitioner     :
                                   :
            v.                     :
                                   :
Pennsylvania Board                 :
of Probation and Parole,           :
                                   :
                    Respondent     :

## O R D E R

AND NOW, this 9<u>th</u> day of <u>February</u>, 2016, we hereby grant the application for leave to withdraw as counsel filed by Richard C. Shiptoski, Esquire, and affirm the April 29, 2015, decision of the Pennsylvania Board of Probation and Parole.

_____
ROCHELLE S. FRIEDMAN, Senior Judge