IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vaughn R. Wright, : 
                    Petitioner : 
                               : 
        v.                     : 
                               : 
Pennsylvania Board of Probation and : 
Parole,                        : No. 1941 C.D. 2015
                    Respondent : Submitted: April 8, 2016


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI              FILED: April 27, 2016


        Lowell T. Williams (Counsel), Assistant Public Defender of Mercer County, has filed an Application for Leave to Withdraw as Counsel from his representation of Vaughn R. Wright (Wright) in his petition for review of an order of the Pennsylvania Board of Probation and Parole (Board) recommitting Wright as a convicted parole violator (CPV) and recalculating his parole violation maximum date. Counsel requests permission to withdraw from further representation of Wright on the basis that his petition for review is without merit. For the reasons that follow, we affirm the Board's order and grant Counsel leave to withdraw.

## I.

On December 7, 2009, Wright was sentenced to serve two years six months to five years for one count of manufacturing, selling, delivering and/or possessing with intent to distribute drugs, with a minimum release date of June 16, 2012, and a maximum release date of December 16, 2014. Wright graduated from Quehanna Boot Camp and was paroled to the Gateway Braddock Center (Braddock Center) on September 21, 2011. Wright walked away from the Braddock Center after having two positive breathalyzers and was declared delinquent by the Board on September 16, 2012.

Wright was arrested by the Wilkinsburg Police Department on August 12, 2013, causing the Board to order him detained pending disposition of his parole violation. By decision dated October 11, 2013, the Board ordered Wright committed as a technical parole violator (TPV) to serve six months backtime. On March 10, 2014, Wright was re-paroled and his maximum release date was recalculated as November 11, 2015. Wright was released to Penn Pavilion Community Corrections Center on April 28, 2014.

Subsequently, Wright was arrested by the City of Pittsburgh Police Department and detained in the Allegheny County Jail on June 18, 2014, for possession with intent to deliver a controlled substance; possession of altered, forged or counterfeit documents and plates; and possession of a controlled substance. On June 19, 2014, the Board ordered him detained pending disposition of these criminal charges. Wright was found guilty of the two drug charges and

was sentenced by the Court of Common Pleas of Allegheny County to 18 to 36 months imprisonment followed by 5 years probation.

On February 26, 2015, Wright waived his right to counsel and his right to a revocation hearing and admitted to the parole violations. By decision dated June 1, 2015, the Board recommitted Wright as a CPV to serve 24 months backtime when available. The Board then sent Wright notice that the unserved balance of his original sentence was 775 days and that his recalculated parole violation maximum date was July 9, 2017. The Order to Recommit Wright as a CPV specifies that he was given 148 days credit toward his backtime for the period of June 19, 2014, through November 14, 2014, when he was detained in the Allegheny County Jail.

Wright, acting *pro se*, then filed an administrative appeal objecting to the Board's decision. However, Wright's appeal did not indicate that the Board made any specific evidentiary, procedural or calculation errors in revoking his parole. Therefore, the Board affirmed its decision by letter mailed September 2, 2015, noting that Wright's appeal failed to present adequate factual and legal points for consideration. *See* 37 Pa. Code §73.1(a) ("The failure of an appeal to present with accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration will be a sufficient reason for denying the appeal."). The Board went on to state that the evidence was sufficient to find that Wright violated the conditions indicated, and that the 24-month recommitment period imposed for his

3

violations was within the presumptive recommitment range and, therefore, was not subject to challenge.

Wright, still acting *pro se*, then filed a petition for review with this Court alleging that he was held solely on a parole detainer in Allegheny County Jail from June 17, 2014, until December 17, 2014, and that the Board erred in not properly crediting him for this time served. This Court appointed Counsel to represent Wright in his appeal, and on November 18, 2015, Counsel entered his appearance on behalf of Wright. After the agency record was filed, Counsel requested permission to withdraw from further representation of Wright contending that, after reviewing the record, the appeal was without merit. Along with his application, Counsel filed a no-merit letter. Counsel notified Wright of his request to withdraw, sent him a copy of the no-merit letter, and advised Wright of his right to retain new counsel or raise any points he might deem worthy of consideration.

## II.

Before we reach the merits of Wright's petition for review,[1] we must first consider Counsel's application for leave to withdraw his appearance. Counsel may file a petition to withdraw when, after conducting a zealous review of the case, he or she believes an appeal is without merit. *Commonwealth v. Turner*, 544

---

[1] Our scope of review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

A.2d 927 (Pa. 1988). The technical requirements imposed upon court-appointed counsel[2] in withdrawal proceedings differ depending on whether a petitioner's right to counsel is constitutional in nature. As we explained in *Hughes v. Pennsylvania Board of Probation and Parole*, a constitutional right to counsel arises in parole cases where the petitioner raises a:

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)).

Appeals alleging that the Board did not properly calculate a petitioner's maximum date do not meet this standard and, therefore, an *Anders*[3] brief is not required. *Hughes*, 977 A.2d at 26. Rather, pursuant to the standard enunciated in *Turner*:

> counsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter which details the nature

---

[2] Wright's right to counsel in this case is a statutory right pursuant to Section 6(a) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. §9960.6(a).

[3] *Anders v. State of California*, 386 U.S. 738 (1967).

and extent of the attorney's review and lists each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (internal quotation marks and citations omitted) (original alternations omitted).  In addition, counsel must provide to the petitioner a copy of the "no-merit" letter, a copy of the petition to withdraw, and a statement advising the petitioner of his right to proceed *pro se* or via new counsel.  *Id.* at 960.  Once the Court is satisfied that all of the above requirements have been met, we will then make an independent evaluation of the proceedings before the Board to determine whether the petitioner's appeal is indeed without merit before we will allow counsel to withdraw.  *Banks v. Pennsylvania Board of Probation and Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003).

In this case, Counsel has complied with the technical requirements of the no-merit letter.  First, Counsel's application to withdraw asserts that he has notified Wright of his request to withdraw, provided him with a copy of the no-merit letter, and advised Wright of his right to proceed *pro se* or through new counsel.  Additionally, as per the certificate of service, a copy of Counsel's application to withdraw was served upon Wright.

Moreover, Counsel's no-merit letter explains that his conclusion is based upon review of the certified record.  The letter goes on to discuss the sole issue Wright intended to raise before this Court and analyzes the merits of this argument, concluding that it lacks support in either law or fact.  Because, at least

on its face, the no-merit letter sets forth substantial reasons for concluding that Wright's argument is meritless, Counsel complied with the *Turner* standard. We will now conduct an independent review to determine whether the appeal is indeed meritless. *Zerby*, 964 A.2d at 962.

## III.

The sole issue raised by Wright on appeal is that the Board did not properly credit him for time served while he was detained in the Allegheny County Jail on the Board's detainer. This is the first time Wright has raised this issue. Because Wright did not raise this issue before the Board – either at the revocation hearing or as part of his administrative appeal – the issue is waived. *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) ("The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal."). Further, Wright did not create an evidentiary record regarding the conditions of his confinement because he waived his right to a revocation hearing. *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1075-76 (Pa. Cmwlth. 2013) ("The waiver of the right to a hearing necessarily encompasses the right to advance claims of error he could have raised at the hearing.").[4]

---

[4] While Wright has clearly waived this issue, we note that it appears to be without merit. The record in this case clearly indicates that Wright was credited with 148 days backtime for the period of June 19, 2014, through November 14, 2014.

7

Accordingly, having found Wright's appeal meritless because he waived the only issue he intended to raise on appeal, we affirm the Board's order and grant Counsel leave to withdraw.


_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vaughn R. Wright, :
                            Petitioner :
                                        :
          v. :
                                          :
Pennsylvania Board of Probation and :
Parole, :
                       Respondent : No. 1941 C.D. 2015

# **O R D E R**

AND NOW, this 27th day of April, 2016, the order of the Pennsylvania Board of Probation and Parole bearing a mailing date of September 2, 2015, is affirmed, and Lowell T. Williams, Esq.'s application to withdraw appearance is granted.

                                       _____

                                        DAN PELLEGRINI, Senior Judge