# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marvin Seward,                                      :
                                                   :
            Petitioner                             :
                                                   :
      v.                                           : No. 199 C.D. 2016
                                                   : Submitted: September 23, 2016
Pennsylvania Board of                              :
Probation and Parole,                              :
                                                   :
            Respondent                             :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  October 13, 2016**


            Before this Court is the petition of Marvin Seward for review of the January 15, 2016 order of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal of the October 7, 2015 Board order recommitting him for 18 months of backtime and recalculating his maximum sentence date to January 5, 2018.  Also before this Court is the application of Seth E. Grant, Esq., Assistant Public Defender of Montgomery County (Counsel), for leave to withdraw as attorney for Mr. Seward.  For the following reasons, we deny Counsel's application for leave to withdraw without prejudice and do not reach the merits of the appeal.

            On May 6, 2016, Counsel submitted a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and on May 17, 2016 Counsel filed a petition

for leave to withdraw as appointed counsel for Mr. Seward.[1] In instances where appointed counsel files an *Anders* brief when a no-merit letter would have been sufficient, this Court will accept an *Anders* brief in place of a no-merit letter if the *Anders* brief complies with the substantive requirements of a no-merit letter. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 43 (Pa. Cmwlth. 2010).

Upon review of Counsel's petition and accompanying brief, it is clear that Counsel has satisfied the procedural requirements necessary to withdraw as appointed counsel: (i) Counsel notified Mr. Seward of his request to withdraw as appointed counsel; (ii) Counsel has furnished Mr. Seward with a copy of Counsel's petition to withdraw and the *Anders* brief filed in support of Counsel's petition to withdrawal; and (iii) Counsel has advised Mr. Seward of his right to retain new counsel, to proceed *pro se* and to raise any additional issues that Mr. Seward

---

[1] Where a parolee's right to counsel is constitutional rather than statutory, appointed counsel must file an *Anders* brief in support of a petition to withdraw. A constitutional right to counsel arises in appeals from determinations revoking parole and exists where a parolee has a colorable claim "(i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009) (*en banc*). Where a parolee's right to counsel is not guaranteed by the constitution but instead granted by statute, a no-merit letter is sufficient and counsel need not submit an *Anders* brief. *See* Section 6(a) of the Act commonly known as the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10); *Commonwealth v. Santiago*, 978 A.2d 349, 351 n.2 (Pa. 2009); *Hughes*, 977 A.2d at 24-25. In the instant matter, Mr. Seward has a statutory rather than constitutional right to counsel and, therefore, Counsel was not required to file an *Anders* brief.

determines are worthy of review by this Court.[2] *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013).

However, upon review of Counsel's *Anders* brief, it is equally clear that Counsel has failed to satisfy the substantive requirements for withdrawal. A no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each issue that the parolee wishes to raise on appeal; and (iii) counsel's explanation of why each of those issues is without merit. *Commonwealth v. Turner*, 544 A.2d 927, 928-929 (Pa. 1988); *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). In his *Anders* brief, Counsel has failed to list each issue that Mr. Seward sought to raise in his *pro se* petition for review and to offer an explanation as to why Counsel believes that each issue is without merit.

In his *pro se* petition, Mr. Seward clearly raised two issues for which he sought review by this Court: (i) whether the Board improperly denied him credit for time spent in custody as a technical parole violator from September 19, 2014 until March 19, 2015; and (ii) whether the Board improperly denied him credit for time spent at liberty on parole. Counsel's *Anders* brief wholly fails to address the first issue Mr. Seward seeks to raise before this Court. Furthermore, although Counsel has addressed the second issue Mr. Seward seeks to raise, Counsel's *Anders* brief does not discuss our Supreme Court's grant of allowance of appeal in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016) (*en banc*), *appeal granted*, __ A.3d __ (Pa., No. 90 MAL 2016, filed May 23, 2016), or provide any analysis of how our Supreme Court's grant of allowance of appeal in *Pittman* may impact Mr. Seward's appeal or Counsel's

---

[2] Following notification of Counsel's petition to withdraw, Mr. Seward filed a *pro se* brief with this Court on June 21, 2016.

petition for leave to withdraw. Therefore, Counsel's *Anders* brief does not satisfy the substantive requirements of a no-merit letter.

We have repeatedly held that a no-merit letter must include substantial reasons for concluding that a parolee's arguments are meritless and that even if an issue may not ultimately prove meritorious, appointed counsel must include the issue in a no-merit letter and explain to this Court why it is without merit. *Seilhamer*, 996 A.2d at 44; *Zerby* v. *Shannon*, 964 A.2d 956, 962 (Pa. Cmwlth. 2009); *Banks v. Pennsylvania Board of Probation and Parole*, 827 A.2d 1245, 1248–49 (Pa. Cmwlth. 2003). Where an *Anders* brief or no-merit letter fails to adequately address all of the issues that the parolee seeks to raise, appointed counsel's request to withdraw must be denied and this Court will not proceed to the merits of the appeal. *Seilhamer*, 996 A.2d at 43–44; *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 27 (Pa. Cmwlth. 2009) (*en banc*); *Zerby*, 964 A.2d at 961–63.

Accordingly, we deny Counsel's petition to withdraw without prejudice. Counsel has thirty days to either file an amended petition for leave to withdraw, along with a no-merit letter adequately addressing each of the issues raised in Mr. Seward's Petition for Review, or to submit a brief on the merits.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marvin Seward,                  :
                                      :
            Petitioner            :
                                      :
              v.                  : No. 199 C.D. 2016
                                      :
Pennsylvania Board of          :
Probation and Parole,           :
                                      :
            Respondent        :

## O R D E R

AND NOW, this 13th day of October, 2016, the Petition for Leave to Withdraw as Counsel filed by Seth E. Grant, Esq., Assistant Public Defender of Montgomery County (Counsel), in the above-captioned matter is hereby DENIED without prejudice. Counsel is granted thirty days from the date of this order to either file a renewed petition for leave to withdraw as counsel, along with a no-merit letter addressing each of the issues raised in Marvin Seward's Petition for Review, or to submit a brief on the merits.

 

_____

**JAMES GARDNER COLINS, Senior Judge**