IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Brady,                          :
                    Petitioner        :
                                      :
          v.                          : No. 262 C.D. 2018
                                      : Submitted: July 13, 2018
Pennsylvania Board of Probation       :
and Parole,                           :
                    Respondent        :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: August 7, 2018


          Richard C. Shiptoski (Counsel), Assistant Public Defender of Luzerne County, has filed an Application for Leave to Withdraw as Counsel from his representation of Shawn Brady (Brady) in his petition for review of an order of the Pennsylvania Board of Probation and Parole (Board) recalculating his parole violation maximum date due to his status as a convicted parole violator (CPV). Counsel requests permission to withdraw from further representation of Brady because the matters raised in Brady's petition for review are without merit. For the reasons that follow, we deny Counsel's request to withdraw.

## I.

On May 22, 2003, Brady pled guilty to one count each of robbery of a motor vehicle, driving under the influence, accident involving death or personal injury while not properly licensed, reckless endangerment, and disorderly conduct. He was sentenced to serve three to ten years' incarceration with a minimum release date of February 12, 2006, and a maximum release date of February 12, 2013. On January 25, 2009, Brady was paroled with a parole violation maximum date of February 28, 2014.

On May 24, 2010, after his urine sample tested positive for morphine and heroin, the Board recommitted Brady as a technical parole violator (TPV) and his parole violation maximum date remained at February 28, 2014. Brady was again paroled on September 19, 2011, with a parole violation maximum date of February 28, 2014.

After he relocated to Michigan without permission on March 12, 2013, the Board declared Brady delinquent on September 21, 2015, and recommitted him as a TPV. Brady lost time for the period of delinquency but did not lose credit at that time for the period from his release date of September 19, 2011, to March 12, 2013, the date of his declared delinquency.

Brady again was released on parole to reside in Michigan on February 1, 2016, with a parole violation maximum date of July 19, 2016. However, due to multiple failures to report, on May 9, 2016, the Board declared him delinquent as of May 2, 2016.

2

On August 28, 2016, the Troy, Michigan Police Department charged him with possession of drug paraphernalia. The Board issued a warrant that same day. Brady pled guilty to the charge and was sentenced to eight days with credit for time served in jail, completing his Michigan sentence on September 5, 2016. He remained incarcerated from September 5, 2016, to October 5, 2016, in Michigan, solely on the Board's warrant, prior to his return to Pennsylvania. Brady subsequently submitted waivers of counsel and hearing for the parole violation and new criminal conviction.

On December 14, 2016, the Board recommitted Brady for nine months as a TPV and six months as a CPV, concurrently, for a total of nine months' backtime, thereby making him eligible for re-parole on May 29, 2017. The Board listed the new parole violation maximum date as December 4, 2019. Even though the Board did not explicitly order forfeiture of street time, the December 4, 2019 maximum release date reflects a loss of all street time while at liberty on parole.

Brady, acting *pro se*, filed an administrative appeal on January 3, 2017. On August 23, 2017, the Board modified its December 14, 2016 order by indicating that Brady's maximum parole date had changed to December 12, 2019, due to the recent discovery of a technician's error. Under the Board's decision, Brady would not receive credit for time at liberty for the 169 days he was on parole beginning February 1, 2016. Furthermore, the Board indicated that Brady forfeited credit for the periods of time he spent on parole prior to his February 1, 2016 release date, adding up to a total of 1,024 days for the periods from January 25,

3

2009, to May 24, 2010, and the period from September 19, 2011, to March 12, 2013.

Brady appealed the Board's decision, arguing that the Board did not have the authority to take away previous backtime periods occurring prior to his last re-parole in calculating his new maximum date. The Board affirmed its decision by response dated February 2, 2018. This Court appointed Counsel to represent Brady in his appeal and Counsel filed a petition for review on Brady's behalf.

Counsel then filed a petition for leave to withdraw contending that he determined the appeal to be lacking in merit and wholly frivolous. Along with this application, Counsel filed a brief in support of his request to withdraw. Counsel sent Brady a copy of his petition and brief, as well as a copy of this Court's May 21, 2018 Order, advising Brady of his right to retain new counsel in his appeal or to proceed *pro se*.[1]

## II.

Before we reach the merits of Brady's petition for review,[2] we must first inquire whether Counsel complied with the technical requirements governing

---

[1] Brady has not retained new counsel nor has he filed a *pro se* brief in support of his petition for review.

[2] Our scope of review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

4

the withdrawal of counsel appointed to represent petitioners seeking review of Board determinations. These requirements differ depending on whether a petitioner's right to counsel is constitutional in nature. A parolee's right to counsel arises when the parolee raises a colorable claim that: (i) he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate and the reasons are complex or otherwise difficult to develop or present. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)).

Appeals alleging that the Board erred by improperly calculating a petitioner's maximum date do not implicate a constitutional right to counsel. *Hughes*, 977 A.2d at 25-26. Because of that, counsel in such cases need only file a "no-merit" letter detailing the nature and extent of counsel's review and listing each issue the petitioner wished to raise, with counsel's explanation of why he or she believes these issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). In addition, counsel must provide to the petitioner: (1) a copy of the no-merit letter, (2) a copy of the petition to withdraw, and (3) a statement advising the petitioner of his or her right to proceed *pro se* or via new counsel. *Id.* at 960. If all these requirements have been met, we will then evaluate the proceedings before the Board to determine whether the petitioner's appeal is truly without merit before we will allow counsel to withdraw. *Banks v. Pennsylvania Board of Probation and Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003). If

counsel does not fulfill the aforementioned technical requirements, we have no choice but to deny the motion for leave to withdraw. *Zerby*, 964 A.2d at 960.

Counsel has complied with all of those technical requirements to withdraw. First, Counsel's petition to withdraw asserts that he provided Brady with a copy of both the petition and the brief in support of withdrawal. Furthermore, Counsel provided Brady with a copy of this Court's Order informing him of his right to proceed *pro se* or retain new counsel, which, while it may not have been a statement directly from Counsel himself, technically satisfies this requirement as it ensures that Brady was informed of his right. *See Eldridge v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 2554 C.D. 2015, filed May 30, 2017) (stating that counsel serving a copy of this Court's order advising that the parolee may either obtain substitute counsel or file a brief on his own behalf fulfilled the technical requirements). Counsel's petition and supporting documents explain that his conclusion is based upon a review of the certified record, as well as a meeting with Brady regarding his appeal.

Moreover, Counsel has also submitted an *Anders* brief[3] explaining why, based upon review of the certified record and applicable case law and statutes, the appeal is without merit. It discusses all of the issues Brady raised before this Court and analyzes the merits of those arguments, concluding that they

---

[3] This refers to the brief counsel must submit pursuant to *Anders v. California*, 386 U.S. 738 (1967), when a constitutional right to counsel is implicated. While a distinction is made between *Anders* briefs and no-merit letters, "[i]n recent years, this Court has shown little concern for whether it receives an *Anders* brief or a no-merit letter in a parole revocation matter." *Hughes*, 977 A.2d at 25.

6

lack support in either law or fact. Because the petition and brief, on their faces, set forth substantial reasons for concluding that Brady's arguments are meritless, Counsel complied with the technical requirements. We will now conduct an independent review to determine whether the appeal is indeed meritless. *Zerby*, 964 A.2d at 962.

## III.

In his petition for review, Brady asserts that the Board erred in ordering forfeiture of the 169 days he spent at liberty on parole after his February 1, 2016 release.

After his February 1, 2016 parole, Brady was convicted of a new criminal charge. The Prisons and Parole Code (Code)[4] makes a distinction between how credit may be determined for CPVs as compared to TPVs. While the Board can give a TPV credit for street time, a CPV loses such time. The Code provides, in pertinent part:

> (1)    A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or **while delinquent on parole**,[5] commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at anytime thereafter in a court of record, may at the

---

[4] Prisons and Parole Code, 61 Pa.C.S. §§ 101 – 6309.

[5] Despite being arrested on August 28, 2016, which is after his then-maximum date of July 19, 2016, the Board had declared him delinquent as of May 2, 2016, which froze Brady's status until such time as he became available to serve his remaining time.

7

discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa.C.S. § 6138(a)(1) & (2) (emphasis added).

Under this provision, CPVs are not entitled to any credit for street time unless the Board, in its discretion, decides to award credit for time at liberty on parole. Because of Brady's new conviction, the Board had the authority to deny him credit for the period of 169 days that he had remaining on parole (from February 1, 2016, to July 19, 2016).

Brady also contends that the Board improperly forfeited credit for his street time from January 25, 2009, to May 24, 2010 (484 days), and September 19, 2011, to March 12, 2013 (540 days), because he was only recommitted as a TPV. He contends that street time on previous paroles cannot be forfeited due to being a CPV on a subsequent parole. We have held that when a parolee is recommitted due to a criminal conviction, the forfeiture of street time extends to *all* time spent on parole from the sentence, rather than just the street time from his latest parole during which he committed the criminal act for which he was convicted. *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596 (Pa. Cmwlth. 2011). Because the Board did not err in its determination that Brady had forfeited the

8

1,024 days he spent at liberty on parole due to his subsequent criminal conviction, this claim is also without merit.

However, our decision in *Young v. Pennsylvania Board of Probation and Parole*, ___ A.3d ___, (Pa. Cmwlth., No. 361 C.D. 2016, filed June 12, 2018), issued after the *Anders* brief was filed, calls *Richards* into question. In that case, we found that when the Board exercises its discretion to award credit to a CPV under 61 Pa. C.S. § 6138(a)(2.1), the Board cannot, if the CPV commits a subsequent crime while on parole and is recommitted, revoke the sentence credit after it has been applied to the parolee's sentence.

While the Board did not exercise its discretion one way or another in forfeiting street time, *Young* raises the issue of whether the Board can reach back and force a now convicted parole violator to forfeit credit for time spent at liberty in good standing that was previously credited to the parolee after a prior technical parole violation pursuant to 61 Pa. C.S. § 6138(c)(2). This section provides that a recommitted technical parole violator ". . . *shall* be given credit for time spent on parole in good standing. . . ." (Emphasis added.)

Because this is a meritorious argument that now needs to be addressed in a merits brief, we deny Counsel's request to withdraw and Counsel is to file a brief on the merits within 30 days of the date of this order.

_____
DAN PELLEGRINI, Senior Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Brady,           :
          Petitioner     :
                  :
        v.           : No. 262 C.D. 2018
                  :
Pennsylvania Board of Probation   :
and Parole,           :
          Respondent   :

# **O R D E R**

AND NOW, this 7th day of August, 2018, Richard C. Shiptoski's (Counsel) application for leave to withdraw as counsel is denied. Counsel is granted thirty (30) days from the date of this Order to file a brief on the merits.

_____
DAN PELLEGRINI, Senior Judge