# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mark Ivory, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1380 C.D. 2022 |
| | : | SUBMITTED: February 6, 2024 |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE LORI A. DUMAS, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  March 11, 2024**

Petitioner, inmate Mark Ivory, petitions for review from the Pennsylvania Parole Board's denial of his request for administrative relief. Petitioner's counsel, Victoria Hermann, Esquire, has filed both a renewed application to withdraw as counsel and a *Turner* letter.[1]  After review, we grant counsel's renewed application and affirm the Board's order.[2]  In addition, we dismiss as moot Petitioner's Motion for Change of Appointed Counsel.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). Counsel files such a letter when seeking to withdraw from representing a parole violator on the grounds that the violator's case lacks merit.  These no-merit letters go by many names, including "*Turner* letters."  In these letters, counsel must detail the nature and extent of counsel's review and list the discrete issues that the petitioner wishes to raise, with counsel's reasons why those issues lack merit.

[2] This Court denied counsel's January 3, 2023 application to withdraw as counsel without prejudice, affording counsel 30 days to file either an amended application, along with an adequate *Turner* letter, or submit a brief on the merits of Petitioner's petition for review and the claims
**(Footnote continued on next page…)**

The pertinent background of this matter, as summarized from *Ivory v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 1380 C.D. 2022, filed Nov. 17, 2023) (*Ivory I*), is as follows. In February 2013, Petitioner received a sentence of 4 to 15 years of incarceration following convictions for possession of a controlled substance with intent to deliver and conspiracy to commit these crimes.[3] *See* Certified Record (C.R.) at 1, 3. After receiving credit for pre-sentence incarceration, his minimum and maximum sentence dates on the original sentences were December 1, 2015, and December 1, 2026, respectively. *See id.* at 1. On March 5, 2019, Petitioner was released on parole from the original sentences. *See id.* at 4.

On December 11, 2019, the Board issued a Warrant to Commit and Detain based on Petitioner's multiple technical parole violations. *See* C.R. at 15. On December 24, 2019, Petitioner was recommitted to serve six months as a technical parole violator (TPV) with automatic reparole on June 11, 2020. *See id.* at 18-22.

Following Petitioner's reparole, on January 13, 2021, the Board issued a second Warrant to Commit and Detain based on his arrest on new drug charges. *See* C.R. at 25-27. On September 17, 2021, he was convicted of the new drug charges and sentenced to 30 to 60 months of incarceration. *See id.* at 27. By decision dated October 14, 2021, the Board ordered him to serve 36 months' backtime as a convicted parole violator (CPV). *See id.* at 67-70. The October 2021 Board decision

_____

raised in his brief. *Ivory v. Pa. Parole Bd.* (Pa. Cmwlth., No. 1380 C.D. 2022, filed Nov. 17, 2023) (*Ivory I*).

[3] Petitioner's conspiracy sentence was to be served concurrently to the possession with intent to deliver sentence. *See* Certified Record (C.R.) at 1.

2

also noted that the recommitment was ordered pending the resolution of separate new charges in Blair County. *See id.* at 67.

Ultimately, by separate Board Decision recorded June 9, 2022, the Board denied Petitioner credit for time spent at liberty on parole due to the similarity between his original Pennsylvania conviction and the new conviction. *See* C.R. at 71. The June 2022 Board Decision further noted his intervening conviction for the Blair County charges but determined that no further action would be taken as to that conviction. *See id.* at 71. Petitioner filed a *pro se* administrative appeal seeking to have the Board reconsider his recalculated maximum sentence and its decision not to award him credit for time spent at liberty on parole. *See id.* at 57-67. He argued that the Board lacked the authority to deny him credit for time spent at liberty on parole where the October 2021 Board decision had not denied such credit and where the June 2022 Board Decision indicated that no further action would be taken as to the Blair County conviction. *See id.* at 79, 81-82.

By letter mailed November 16, 2022, the Board denied Petitioner's administrative appeal. *See* C.R. at 70-71. Later, in affirming the October 2021 Board decision and June 2022 Board decision, the Board explained:

> [Petitioner's] administrative appeal . . . seeks relief from the 36-month recommitment term. The [October 2021 Board Decision] recommitted [him] to serve 36 months for the offense of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver Heroin (F[elony]) ([]PWID[]) which carries a presumptive range of 24 to 36 months, as outlined in 37 Pa. Code §§ 75.1-75.2. Because the 36-month term falls within that range, it is . . . not subject to challenge. *Smith v. [Pa. Bd.] of Prob[. &] Parole*, 574 A.2d 558 (Pa. 1990)[.]

[I]n the *pro se* administrative remedies form received on July 18, 2022 (postmarked 7/14/2022), [Petitioner] claims the Board erred in denying him credit for the time spent at liberty on parole. The decision on whether to grant or deny a CPV credit for time at liberty on parole is purely a matter of discretion. [Section 6138(a)(2.1) of] [t]he Prisons and Parole Code authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa.C.S. § 6138(a)(2.1). Pursuant to the Supreme Court's ruling in *Pittman v.* [*Pennsylvania Board of Probation & Parole*, 159 A.3d 466, 474 (Pa. 2017)], the Board must articulate the basis for its decision to grant or deny a CPV credit for time spent at liberty on parole. In this case, the Board articulated that [Petitioner] was denied such credit because his new conviction was the same or similar in nature to his original crimes. Considering that he was on parole for PWID and Criminal Conspiracy to Commit PWID[] and that he suffered a new conviction for PWID, the reason provided is sufficient and supported by the record.

C.R. at 84-85.

On December 15, 2022, Petitioner, through counsel, filed a timely Petition for Review with this Court. On January 3, 2023, counsel filed a *Turner* letter and an application to withdraw as counsel with this Court. Thereafter, on March 17, 2023, the Court executed an order informing Petitioner that he could either obtain substitute counsel at his own expense to file a brief on his behalf, or he could file a *pro se* brief on his own behalf within 30 days of the service of the order. On March 17, 2023, Petitioner filed a Motion for Change of Appointed Counsel. On March 24, 2023, he filed a brief arguing that counsel misconstrued his arguments and/or confused them with the arguments of another client, that he was entitled to credit for time spent at liberty on parole, and that counsel provided

4

ineffective assistance of counsel. On May 8, 2023, the Court entered an order directing that Petitioner's Motion for Change of Appointed Counsel be decided with the application to withdraw as counsel.

Subsequently, the Court denied counsel's January 2023 application to withdraw as counsel without prejudice and directed her within 30 days of the November 17, 2023 order to file either a renewed application, along with an adequate *Turner* letter, or submit a brief on the merits of the Petition for Review and the issues raised in Petitioner's March 2023 brief. In December 2023, counsel filed both a renewed application and a *Turner* letter.

In the *Turner* letter, counsel identified the following issues for this Court's review: first, that the Board unlawfully recommitted Petitioner for 36 months and denied him credit for time spent at liberty on parole after he previously had been granted that time; and second, that the Board could not take further action on his recommitment because it already stated that no further action would be taken in a previous decision. Dec. 7, 2023 *Turner* letter at 1. In his brief, Petitioner states that he has not received credit for time spent in custody awaiting trial on the new convictions.[4] *See* Mar. 27, 2023 Petitioner's Br. at 2. He also argues that the Board

---

[4] The Board determined that the January 2022 administrative remedies form filed by Anthony Kattouf, Esq., Offender's/Petitioner's Attorney (C.R. at 77), asserting that Petitioner was not granted credit for time served and seeking relief from the October 2021 Board Decision was filed past the 30-day deadline. Accordingly, the Board determined that the request for relief was not properly before the Board and could not be accepted. Nov. 16, 2022 Response to Administrative Remedies and Correspondence at 1; C.R. at 84. Consequently, Petitioner's challenge to time spent in custody is not properly before us.

erred by revoking a previously awarded street time credit, referencing the Board's statement that no further action would be taken. *See id.* at 3-4.[5]

Before this Court can consider the merits of the petition for review, we must first address counsel's renewed application to withdraw as counsel and determine whether she has satisfied the requirements that appointed counsel must meet before leave to withdraw may be granted. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In that regard, the following is well established:

> A court-appointed counsel who seeks to withdraw representation because issues raised by the petitioner are frivolous must fulfill the following technical requirements: (1) [s]he must notify [the] parolee of [the] request to withdraw; (2) [s]he must furnish [the] parolee with a copy of an *Anders* [*v. California*, 386 U.S. 738 (1967),] brief or no-merit letter; and (3) [s]he must advise [the] parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration.

*Banks v. Pa. Bd. of Prob. & Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003) (footnote omitted). Further, "[c]ounsel's brief or no-merit letter must set forth: (1) the nature and extent of h[er] review of the case; (2) the issues the parolee wishes to raise on appeal; and (3) counsel's analysis concluding that the appeal has no merit and is frivolous." *Encarnacion v. Pa. Bd. of Prob. & Parole*, 990 A.2d 123, 126 (Pa. Cmwlth. 2010) (citations omitted). Where, as here, there is no constitutional

---

[5] Petitioner further avers that counsel argued claims that he did not wish to raise and otherwise confused his case with the case of some other client and that, therefore, counsel's representation amounts to ineffective assistance of counsel. *See* Petitioner's Br. at 1-2, 4-5. We addressed this averment in denying counsel's January 2023 application to withdraw and cited it as support for the notion that she may have inadequately reviewed the matter. *Ivory I*, slip op. at 8 n.13. Because we ultimately conclude that counsel's renewed application satisfies the requirements that must be met before leave to withdraw may be granted, this averment is now moot.

right to counsel, counsel may satisfy his or her obligations by filing a no-merit letter and the standard is whether the claims on appeal are without merit. *Seilhamer*, 996 A.2d at 42 n.4.

Upon review of counsel's renewed application and *Turner* letter, we are satisfied that counsel met both the procedural and substantive requirements necessary to withdraw. With regard to the procedural requirements, counsel: (1) notified Petitioner of her request to withdraw as appointed counsel; (2) furnished Petitioner with a copy of her application to withdraw and no-merit letter in support of that application; and (3) advised Petitioner of the right to retain new counsel, to proceed *pro se*, and to raise any additional issues that Petitioner deems worthy of review by this Court. Further, in her no-merit letter, counsel set forth: (1) the nature of her review of the case; (2) the issues that Petitioner sought to raise in his petition for review; and (3) an explanation as to why counsel believes that each issue is without merit. Counsel specifically addressed Petitioner's arguments concerning his challenges to the Board's authority to recommit him for 36 months as a CPV and deny him credit for time spent at liberty on parole as well as to take further action on his recommitment because it had already stated "no further action will be taken." Counsel concluded that Petitioner's arguments were without merit. We turn to the merits of the Petition for Review.

Petitioner maintains that the Board lacked authority to recommit him for 36 months. However, the Board has authority to extend a maximum sentence date beyond that imposed by the sentencing court pursuant to Section 6138(a) of the Parole Code, 61 Pa.C.S. § 6138(a). If a parolee commits a crime while on parole and is convicted "at any time thereafter," he may be recommitted as a CPV. *Id*. As we explained in *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d

66, 74 (Pa. Cmwlth. 2013), "[i]t is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator[, and thus recalculate his maximum sentence date,] after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual [was] on parole." In addition, Petitioner's offense carries a presumptive range of 24 to 36 months. 37 Pa. Code §§ 75.1-75.2. The recommitment term of 36 months falls within that range and, accordingly, is not subject to challenge. *Smith*, 574 A.2d at 560.

Petitioner also argues that the Board erred by failing to give him credit for time spent at liberty on parole where the October 2021 Board decision had not denied such credit and where the June 2022 Board decision indicated that no further action would be taken as to the Blair County conviction. As counsel stated in her *Turner* letter, however, the "statement [that no further action would be taken] was based on [Petitioner's] technical violations and was [made] before [his] conviction[.]" *Turner* Letter at 2. Pursuant to Section 6138(a)(2.1) of the Parole Code, the Board in its discretion is authorized to grant or deny a CPV credit for time spent at liberty on parole for certain criminal offenses if it provides a sufficient reason for doing so. *Pittman*, 159 A.3d at 474. Here, the Board denied such credit because Petitioner's new conviction for which his parole was revoked was the same or similar in nature to his original crimes, for which he was on parole. This explanation is sufficient for denying a CPV credit for street time. *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019). Thus, we cannot find that the Board abused its discretion in denying credit for time spent at liberty on parole.

Accordingly, we grant counsel's renewed application to withdraw as counsel and affirm the Board's order. In addition, we dismiss as moot Petitioner's Motion for Change of Appointed Counsel.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Mark Ivory, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1380 C.D. 2022 |
| | : | |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 11ᵗʰ day of March, 2024, Victoria Hermann, Esquire's renewed application to withdraw as counsel is GRANTED and the order of the Pennsylvania Parole Board is AFFIRMED. Petitioner's Motion for Change of Appointed Counsel is DISMISSED as moot.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita